ADDISON,
January,
1836.

JOSEPH CARTIER JR. *vs.* JOSEPH PAGE.

The act of the Provincial Parliament in Lower Canada, passed in 1793, declaring that suits shall be brought on promissory notes within five years, or shall be considered as paid and discharged if the debtor makes oath that the same is paid, is considered as a statute of limitation, or a statute prescribing a mode of proof, and as such has no force in this state. The statute only effects the remedy and not the contract.

The action in this case was assumpsit founded on a promissory note written in the French language, and of which the following is an accurate translation :

"·St. Antoine, April 8, 1819.
£22,5,0.

In the course of next summer, 1, Joseph Page; residing in Vermont, Addison County, town of Monkton, I promise to pay to the order of Mr. Joseph Cartier Jr. of ·St. Antoine, Chambly River, twenty-two pounds, five shillings currency, for value received in merchandise.

(Knowing not how to sign, he made his usual mark in presence of the undersigned witnesses, the note having been read before signing.)

his
JOSEPH ⋈ PAGE,
mark.

F. BOUTILLIEU, ⎫
L. CHEVAL,    ⎬ *Witnesses.*

The defendant pleaded in bar to the action that by an act of the Provincial Parliament of the province of Lower Canada, passed in the 34th year of King George the third (A. D. 1793,) all notes of hand upon which no suit or action should be brought within five years next after the day on which such promissory note became due and payable, were taken and considered to be paid and discharged, and set forth the act aforesaid in the words following to wit :

"And be it further enacted by the authority aforesaid" (meaning the King of Great Britain and Ireland by and with the advice and consent of the legislative council and assembly of the province of Lower Canada, constituted and assembled by virtue of, and under the authority of an act of the Parliament of Great Britain, passed in the 31st year of the reign of King George the *III,* entitled "an act to repeal certain parts of an act passed in the fourteenth year of his majesty's reign" entitled "an act for making more effectual provisions for the government of the province of Quebec in North America and·to make further provisions for the government of said Province") "that every promissory note, already made and due, shall be taken and considered to be paid and

ADDISON,
January,
1836.

Cartier
vs.
Page.

discharged, if no suit or action is brought thereon, within three years from and after the passing of this act; and every such promissory note, already made but not due, or that shall hereafter be made, shall be taken and considered to be paid and discharged, if no suit or action is brought thereon, within five years next after the date, on which such promissory note shall become due and payable. Provided always that any debtor or debtors on such promissory note, shall if thereunto required, make oath, that such promissory note is *bona fide* discharged and paid. And in case of such action being brought against heirs or representatives, against whom an action may be legally instituted, such heirs or representatives shall if thereunto required, make oath, that they do believe that such promissory note, has been lawfully paid and discharged."

To which said plea the plaintiff filed his replication, setting forth that he ought not to be barred from his recovery in said action, because that at the time of giving said notes and ever since, the said Joseph Page was and hath been an inhabitant of the town of Monkton in the county of Addison and state of Vermont, and without the jurisdiction of the courts of said province of Lower Canada.

To this replication the defendant demurred, and the plaintiff joined.

The court decided that the plea in bar of the defendant was insufficient, and that the plaintiff have judgment for his damages and costs. To which decision of the court the defendant excepted.

*Messrs. Tucker and Briggs for defendant.*—The question in this case, is upon the sufficiency of the plea in bar.

1. Is the statute of Canada an absolute bar to a suit on a note which has been due more than five years, with the exception provided?

2. Are we to treat the statute of Canada as a statute of limitations and apply to it the same construction which has been applied to the statute of James I, by a course of judicial legislation?

The contract declared upon was executed in Canada.

It is a familiar doctrine, that the *nature, validity* and *legal effect* of a contract, are to be governed by the *lex loci contractus.*

But the remedy for a violation of a contract must be pursued by the means prescribed by the *lex fori.*

The *lex loci contractus* regulates the contract in every thing but the remedy; the legal effect, validity, duration and nature of the contract, belongs to the *lex loci.*

The remedy consists in the form of action, the process and its incidents, which must of necessity be regulated by the *lex fori.*

Addison,
January,
1836.
—————
Cartier
vs.
Page.

We are aware that the statute of limitations has been considered as effecting the remedy, and to be governed by the *lex fori,* but this has been confined to limitation statutes and not to absolute bars and discharge by statute.

Unless the plaintiff shows that this statute has received a similar construction to the statute of James I by the courts of Canada, the court cannot put that construction upon it, as the terms made use of are not similar but as broad and effective a bar as any language could express. It would be unnecessary to plead this statute in Canada specially. But the statute gives to the contracts therein specified their legal effect and is a part of the *lex loci.*

By the laws of Scotland bonds are assignable and a suit may be brought in England or here on such bond in the name of the assignee, because the *legal effect* of the bond and assignment made in Scotland, is to vest a legal interest and right of action in the assignee.

An indorsee was allowed to maintain a suit against the maker in the circuit court of the U. S. setting in Connecticut on a note made and endorsed in New York, when the note was not negotiable by the law of Connecticut.—3 Day 311.

A discharge under a bankrupt law of any state is a good bar to an action brought in another state of which the creditor is a citizen, the contract sued having been made within the state which enacted the law and the debtor being then a citizen at the time of making it, although the claim is not presented or any dividend having been paid on it.—*Blanchard* vs. *Repell,* 13 Mass. 1.

It has been decided by this court that a contract made in N. H. and not presented there before commissioners under the law limiting the time of presenting claims under their probate laws and barring claims not presented , may be plead in bar here upon suit on the contract.

This statute goes to the discharge of the contract and is not confined to remedial pursuit of the contract.

*Mr Linsley for plaintiff.*—1. The statute of limitations of one country cannot be pleaded in bar to an action commenced in another. The laws of a place where a contract is made operate upon the character, validity and construction of the contract.

But the laws of a place where the contract is sought to be inforced must control in relation to the form of action, course of judicial proceedings, and time *when* the action may be brought.— *Pearsall et al.* vs. *Dwight,* 2 Mass. 84.—*Byune* vs. *Crowningshield,* 17 Mass. 55.—*Lodge* vs. *Phelps,* 1 Johnson's cases 139.

ADDISON,
January,
1836.

Cartier
vs.
Page.

2. The law of Canada relied on is in substance a statute of limitation. It does not by its own power discharge the action but it merely points out a mode by which after a certain lapse of time the maker of a note may by doing certain acts, discharge the contract. The maker of the note must take an oath before the court. This necessarily opens the subject for inquiry.

That this defence cannot avail him, is obvious from this consideration. If available, it would be necessary for this court to administer this oath, and proceed in the progress of this suit, agreeably to the laws of Canada, and in derogation of our own laws, which is wholly inadmissible.

3. If the statute of Canada can be interposed, it cannot be done in this form, for the statute is only made operative by the oath of the party, and the plea does not allege that he has ever taken this oath, or is ready, if required; which is essential to constitute a discharge.

4. Suppose the statute to be an entire discharge of the maker of the note, both parties living in Canada, yet it would not operate to discharge the maker living under a different jurisdiction.—Story's conflict of law, 487.

5. It is a settled rule, that the *lex loci* does not prevail where the parties at the time of making the contract, had the law of another kingdom in view. As defendant was then resident in the United States, it may reasonably be inferred that the contract would be enforced in the United States.—Story's conflict of law, 272.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question to be determined on the pleadings is, whether the act of the Provincial Parliament of Lower Canada, plead in bar to the plaintiff's action, is to be considered as governing the nature, validity and legal effect of the contract declared on, as part of the *lex loci*, or as only a law regulating the remedy to be had, for enforcing the contract. If the act belongs to the former class, the contract, if discharged in Canada, is discharged every where. If it belongs to the latter, it has no effect here. In deciding this question, it is immaterial what are the particular words made use of in the act, if, in effect it only operates to suspend or take away the remedy. The words of the statute are, "that all promissory notes on which no suit is brought within five years next after it shall have become due and payable, shall be taken and considered to be paid or discharged, provided the debtor will make oath, if required, that such note is paid and dischar-

ADDISON,
January,
1836.

Cartier
vs.
Page.

ged." It will be remembered, that all statutes of limitation are founded on the presumption of payment. The language of this statute only declares that presumption in terms.

The debt is not discharged directly by the words or terms of the act itself, as the debtor is further required to make oath to the payment, before this presumption is established. Considered as a statute of limitation, it has already been decided repeatedly, that such statutes effect only the remedy, and are of no avail to protect the debtor from a suit in any other government, notwithstanding all remedy may be taken away in the places where the debt was contracted and in which the parties may have resided.

This statute may also be considered, not only as a statute of limitation, but also as an act regulating the proof or evidence to be received by the courts of the government where the statute was passed. It in effect provides, that lapse of time, together with the oath of the debtor that the note is paid shall be considered as conclusive evidence of payment. It is very obvious that the courts of no government can recognize the statute of a government foreign to them, prescribing the mode of proof, the manner of taking evidence, or declaring what shall be received as evidence of any particular fact. If this statute is to have its effect here on this contract, our courts must administer the oath required by that statute ; an oath not directed by, or known to any law in operation here, but prescribed by a foreign government, and thus change the mode of proof adopted here for the one there prescribed. This, we apprehend, would not be warranted by any principle of law whatever. The result therefore is, we consider the plea in bar insufficient. The act, we are informed, is considered by the courts in the province of Canada as no more than a statute of limitation. Such, at any rate, are our views of it, and judgment must be rendered accordingly.

The judgment of the county court is affirmed.