JOHN P. OSBORNE *v.* GRAND TRUNK RAILWAY COMPANY.

May Term, 1913.

Present:   ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 13, 1913.

*Limitation of Actions—Right and Remedy—Extinguishment—*
*Comity—Transitory Actions—Plea—Objections—Waiver—*
*Injuries to Servant—Foreign Law—Elements of Recovery*
*—Evidence—Memoranda—Hospital Chart.*

Where a statute gives a right of action and further provides that suit shall be begun within a specified time, or the right of action shall

be extinguished, the right to recover depends on the action being begun within that time, and, if it is not, the remedial and primary rights are both extinguished.

Since the Statute law of the Province of Quebec at the time of plaintiff's injury there provided that every person capable of discerning right from wrong is responsible for damages caused by his fault to another, but that the right of action thereunder shall be extinguished, unless the suit is begun within one year after the injuries are received, that limitation applies to the right as well as the remedy, and hence, in plaintiff's suit in this State under that statute, the action is governed by the *lex loci*, and cannot be maintained, unless brought within the time specified.

The prosecution of a transitory action in a country other than that wherein the cause of action arose is based on the principle of enforcing a foreign right by comity, and so it follows that, if under the *lex loci* no right of action exists, none can be enforced anywhere.

It is not necessary that a limitation amounting to the extinguishment of a statutory right of action should be incorporated in the statute creating the right, as that is material only as bearing on the construction; but it is sufficient if the limitation is in another statute and is so clearly directed to the liability in question as to warrant the conclusion that it qualifies the right.

Argumentatives in a plea can be taken advantage of only by demurrer, and so when the plea is traversed evidence in support of it cannot be excluded because of that insufficiency.

Where plaintiff sued in this State for injuries received in a foreign jurisdiction, if he was entitled to recover, the damages should be assessed in accordance with the *lex loci*, and so the question whether that law authorized a recovery for pain and suffering was properly submitted to the jury.

Entries of plaintiff's symptoms, etc., made on a hospital chart by various nurses as part of their duties and for the information of the attending physician, are not admissible in evidence in the absence of a showing that the nurses are unavailable as witnesses.

CASE for negligence. Plea, the general issue. Trial by jury at the October Term, 1912, Essex County, *Fish*, J.. presiding.

Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Drew, Shurtleff & Morris* and *Harry B. Amey* for the defendant.

*C. R. Powell, Robert W. Simonds* and *J. Rolf Searles* for the plaintiff.

WATSON, J.   This action is brought upon section 1053 and article 17, section 11, of the Civil Code of the Province of Quebec, to recover for injuries received by the plaintiff when in the employ of the defendant, as conductor on one of defendant's freight trains, in said Province, by reason of the negligence of the defendant. Section 1053 reads: "Every person capable of discerning right from wrong is responsible for the damage caused by his fault to another whether by positive act, imprudence, neglect or want of skill." By article 17, section 11, "the word 'person' includes bodies politic and corporate." The defendant pleaded the general issue, and specially, that the happenings and events as alleged by the several counts in the plaintiff's declaration took place more than a year prior to the bringing of the plaintiff's writ, and that by the laws of the Province of Quebec in the Dominion of Canada, wherein said supposed cause of action arose, the plaintiff's cause of action was thereby extinguished. To this plea no replication was filed; but, no demurrer being interposed, a reply was required, and by Rule 12 of the county court a general denial is to be treated as filed.

At the time of the accident, July 3, 1910, and ever since, the plaintiff was, and has been, a resident of Island Pond, in this State. This suit was not brought until July 8, 1912.

In the course of the trial the defendant offered to show that by certain other articles of the Civil Code, as construed by the courts of the Province of Quebec, the right of action for bodily injuries, given by the sections of the Civil Code on which this suit is brought, becomes extinguished, unless the suit be commenced within one year after the injuries are received, and consequently the plaintiff has no right of action. This offer was excluded and an exception saved.

The law is well settled that where a right of action is given by statute, and the statute further provides that suit shall be commenced within a specified time or the right of action shall

be extinguished, the right of recovery depends upon the action being commenced within the time limited, and if not so commenced, not merely the remedy, but the right and the remedy are extinguished. In *Hunt* v. *Fay, Admr.*, 7 Vt. 170, this principle was discussed at length and applied. There the defendant's intestate died in the State of New Hampshire, and the principal administration of his estate was there. By the statute of that State, when an estate was represented insolvent a commission issued, and all claims which might be, but were not exhibited, to the commissioners, were forever barred. The plaintiff, a resident of New Hampshire until after the commissioners made their return, omitted to present any claim against the estate to the commissioners. Afterwards, removing to this State, the plaintiff presented his claim before the commissioners appointed in an ancillary administration here, for allowance against the estate. The administrator pleaded in bar the statute of New Hampshire. The plaintiff contended that the statute affected only the remedy, and for that reason his claim might be enforced in any jurisdiction where a suit could be instituted. It was held, that the case fell within the principle that a discharge of a debt in the country where made, or where it is to be executed, is a discharge everywhere—that the effect was to discharge the debt, or extinguish the right of the creditor, not a mere suspension or extinction of the remedy; and that it was a bar to the claim when presented before the commissioners in this State, under the ancillary administration. The same distinction is recognized in *Cartier* v. *Page,* 8 Vt. 146; *Sparhawk* v. *Admr. of Buell,* 9 Vt. 41, 100; *Williams* v. *Vermont Mutual Fire Ins. Co.,* 20 Vt. 222; *Peck* v. *Hibbard,* 26 Vt. 698, 62 Am. Dec. 605; *Needham, Admr.* v. *Grand Trunk R. Co.,* 38 Vt. 294.

In *Cartier* v. *Page,* the action was assumpsit on a promissory note executed in Canada to a resident there, by a resident of this State. The defendant pleaded in bar that by an act of the Provincial Parliament of the Province of Lower Canada, all notes on which no suit or action should be brought within a specified time after the note becomes due and payable, were taken and considered to be paid and discharged, setting forth the Act. The plaintiff replied, that the defendant, at the time of giving the note and ever thereafter, was and hath been an inhabitant of this State, and without the jurisdiction of the courts of the Province of Lower Canada. To this a demurrer

was interposed. The court said the question was, whether the Act of the Provincial Parliament pleaded in bar, was to be considered as governing the nature, validity, and legal effect of the contract declared upon, as a part of the *lex loci*, or as only a law regulating the remedy to be had, for enforcing the contract; that if the Act belonged to the former class, the contract, if discharged in Canada, was discharged everywhere; but if it belonged to the. latter class, it had no effect here. In *Needham* ⸱v. *Grand Trunk R. Co.*, an action brought by the personal representative of the deceased for the benefit of the widow and next of kin, the deceased, while a citizen of this State and in defendant's employment as a locomotive engineer, was injured and the cause of action accrued in the State of. New Hampshire. At common law, the cause of action which accrued to the intestate in that state was extinguished by his death, and no right there existed in the personal representatives to recover for such injury. Consequently the action could be maintained, if at all, only upon the ground that the statute of this State has extraterritorial force. It was contended in behalf of the plaintiff, that statutes of survivorship of the right of action pertain simply to the remedy, and therefore that the question of such survivorship was to be determined by the *lex fori*. It was held that our statute furnishes a remedy where the cause of action accrued without this State, and is not discharged or extinguished, but still exists by the laws of the state where it accrued; but that a cause of action, which by the rules of the common law is extinguished by the death of the party, is by such death fully discharged, unless it survives by force of some statute law of the state where the cause of action accrued; and that when the cause of action of the intestate does not survive by the laws of the state or territory where it accrued, our statute does not apply. The fact that the intestate was a citizen of this State at the time of his injury, was held to be entirely immaterial in the decision of this question. In *Slater* v. *Mexican National R. Co.*, 194 U. S. 120, 48 L. ed. 900, 24 Sup. Ct. 581, the action was brought in the United States Circuit Court for the northern district of Texas by citizens and residents of Texas, against a Colorado corporation operating a railroad from Texas to the City of Mexico, to enforce the liability for a death by a wrongful act in Mexico, created by Mexican statutes. The court, speaking through Mr. Justice Holmes, said: "When such a liability is enforced in ·a

jurisdiction foreign to the place of the wrongful act, obviously that does not mean that the act in any degree is subject to the *lex fori,* with regard to either its quality or its consequences. On the other hand, it equally little means that the law of the place of the act is operative outside its own territory.   The theory of the foreign suit is that, although the act complained of was subject to no law having force in the forum, it gave rise to an obligation, an *obligatio,* which, like other obligations, follows the person, and may be enforced wherever the person may be found.   *   *   *   But as the only source of this obligation is the law of the place of the act, it follows that that law determines, not merely the existence of the obligation   *   *   *, but equally determines its extent.   It seems to us unjust to allow a plaintiff to come here absolutely depending on the foreign law for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that the law would impose.   *   *   *   As the cause of action relied upon is one which is supposed to have arisen in Mexico, under Mexican laws, the place of the death and the domicil of the parties have no bearing upon the case.''   This case was followed by *Davis* v. *Mills,* 194 U. S. 451, 48 L. ed. 1067, 24 Sup. Ct. 692, the same Justice delivering the opinion.   In *Dennis* v. *Atlantic Coast Line R. Co.,* 70 S. C. 254, 49 S. E. 869, 106 Am. St. Rep. 749, the deceased, a resident of South Carolina, while in the defendant's employ as an engineer, was killed when in the performance of his duties in North Carolina, more than one year before the action was commenced by his administratrix.   It was held that the statute of the latter state requiring an action to be brought for wrongful death within one year, was not a statute of limitation, but that it extinguished the right conferred by the statute; and that it was incumbent on those seeking the benefit of the statute to show that their action conforms to all the requirements thereof, including that of commencing the suit within the time limited.

Moreover, the prosecution of transitory actions in a state or country other than that in which the cause of action arose, is based upon the principle of enforcing foreign right by comity. *McLeod* v. *Conn. & Pass. R. R. Co.,* 58 Vt. 727, 6 Atl. 648; *Peck* v. *Hibbard,* cited above.   From this it logically follows that, if under the *lex loci* no right of action was created, or if none there exists, then none exists anywhere, and none can be

prosecuted in another jurisdiction. *O'Reilley* v. *Railroad Co.,* 16 R. I. 388, 17 Atl. 171, 5 L. R. A. 364, 6 L. R. A. 719; *Pendar* v. *H. & B. American Machine Co.,* — R. I. —, 87 Atl. 1; *Two Rivers Mfg. Co.* v. *Beyer,* 74 Wis. 210, 42 N. W. 232, 17 Am. St. Rep. 131.

It is further urged that a limitation like the one which the defendant offered to show, to be effective against a right of action not existing at common law, must be incorporated into the statute creating the right. Respecting this, we think, as is stated by the Federal Supreme Court in *Davis* v. *Mills,* already cited, that "The fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right." See also *Negaubauer* v. *Great Northern Ry. Co.,* 92 Minn. 184, 99 N. W. 620, 104 Am. St. Rep. 674, 2 Ann. Cas. 150.

The plaintiff argues that the special plea is defective, in that it fails to state *verbatim* those parts of the Canadian Code upon which the defendant relies, for which reason the trial court could not do otherwise than exclude the evidence offered as to the Canadian law. Very likely the plea, if met by demurrer, would have been held insufficient. But instead of being so met, it stands as traversed and issue joined thereon. Inferentially and argumentatively the plea states what the law of the Province of Quebec is (1 Saund. Pl. & Ev. 672), and it being traversed, the fact of the law of that Province is put in issue. *Woodham* v. *Edwards,* 5 Ad. & El. 771, 31 E. C. L. 819. Evidence supporting this issue could not be excluded on the ground of insufficiency of the plea. *Barney* v. *Bliss,* 2 Aik. 60; *French* v. *Thompson,* 6 Vt. 54; *Chase* v. *Holton,* 11 Vt. 347; *Carpenter* v. *Welch,* 40 Vt. 251; *Batchelder* v. *Kinney,* 44 Vt. 150. Under the rule of pleading requiring positions of fact to be alleged in an absolute form, and not leave them to be collected by inference and argument only (Steph. Pl. 384), if a necessary averment is alleged argumentatively, advantage thereof can be taken only by special demurrer. *Woodward* v. *French,* 31 Vt. 337; *Sheridan* v. *Sheridan,* 58 Vt. 504, 5 Atl. 494.

Evidence of pain and suffering was received. The court refused to instruct the jury that pain and suffering was not an element of damages, and submitted the question of the law of the Province of Quebec on this branch of the case to the jury. It is sufficient to say that if the plaintiff is entitled to recover, the damages are to be assessed in accordance with the law of that Province, and consequently this exception is without force. *Northern Pacific R. Co.* v. *Babcock,* 154 U. S. 190, 38 L. ed. 958, 14 Sup. Ct. 978; *Slater* v. *Mexican National R. Co.,* noticed above.

Immediately after his injury the plaintiff was taken to the Sherbrooke Protestant Hospital at Sherbrooke, in the Province of Quebec, where he remained more than a month, being treated by Dr. George L. Hume, assisted by another physician. Under a system which obtains in that institution the senior nurse in charge of the plaintiff was required to keep and did keep a hospital record of the case. One of the plaintiff's day nurses a part of the time, under Dr. Hume, was present at the trial and testified to keeping such a record as to the plaintiff, in which most of the symptoms noticed, and all medicine administered, by her, were entered. It appeared that other nurses, especially night nurses, made entries on this record, and no evidence was introduced as to the accuracy of the entries made by any of them. The exceptions show nothing concerning the names or the whereabouts of such ''other nurses,'' nor why they were not present as witnesses at the trial. According to the evidence, the purpose of the system is to show the attending physician any symptoms that may arise in a patient's condition in the absence of the doctor, and to keep a correct record of temperature, pulse, respirations, medicine administered, diet, and other details more or less important. The record was offered as independent evidence, and its exclusion is assigned as error. Assuming, but not deciding, that such a record falls within the rule governing the admission of regular entries upon the principle of necessity, that rule requires that the person who made the entries ''must be unavailable as a witness.'' 2 Wig. Ev. sec. 1521. ''The ground,'' says Chief Justice Shaw in *North Bank* v. *Abbott,* 13 Pick. 465, 25 Am. Dec. 334, ''is the impossibility of obtaining the testimony; and the cause of such impossibility seems immaterial.'' Here one of the nurses who made a part of the entries

was present at the trial, and the absence of the others was unaccounted for. In excluding the record offered, error does not appear.

*Judgment reversed and cause remanded.*