G. P. TARBELL v. GRAND TRUNK RAILWAY COMPANY.

May Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 3, 1920.

*Defendant's Motion for Judgment After Verdict for Plaintiff
and Discharge of Jury—Judgment Non Obstante Veredicto
—Judgment for Defendant Though Verdict Against Him
When Plaintiff Has No Cause of Action—Foreign Law—
When Question for Court—Expert Testimony—Verdict
Against Clear Weight of Expert Testimony Should Be Set
Aside—Supreme Court Will Interfere When Trial Court
Fails to Act in Accordance With Its Duty.*

1. Where the jury had returned a plaintiff's verdict and been dis-
   charged, defendant's motion for a verdict made at the close
   of the evidence and reserved by the court for consideration
   could not be disposed of as such, being *functus officio*, but could
   be treated as a motion for a judgment *non obstante veredicto*,
   though not in the common-law sense of that term.
2. At common law a motion for a judgment *non obstante veredicto*
   raised a question of pleading only, and was, ordinarily at least,
   a plaintiff's motion.
3. When the evidence, viewed in the light most favorable to the
   plaintiff, shows that he has no cause of action, judgment should
   be for the defendant, though the verdict is against him.
4. In an action brought under a Canadian statute against a Canadian
   railroad by an employee for injuries sustained, the Vermont
   statute of limitations applies if the Canadian statute relative
   to the bringing of such action is a statute of limitation and
   not of extinguishment.
5. Evidence of what a foreign law is may be so plain as to make the
   question one for the court, since it is only when there is a con-
   flict in the evidence or inferences of fact are to be drawn
   therefrom that it is a question for the jury.
6. When the evidence of what a foreign law is consists of statutes
   and judicial decisions alone, and they are not in conflict, the

question is for the court, as it is, also, if to such evidence is added expert opinions which are in entire accord.

7. Where there was a conflict in the expert testimony as to whether the plaintiff's right of action was controlled by a certain Canadian statute of limitation, the trial court erred in setting aside a plaintiff's verdict and entering judgment for the defendant.

8. While the credibility of an expert, like that of the ordinary witness, is generally for the consideration of the jury, if a verdict is against the clear weight of the evidence, the trial court should set it aside.

9. In a case involving expert testimony of what a foreign law is, the Supreme Court, on proper exception, will not hesitate to set a verdict aside, if for any reason the trial court failed to act in accordance with its duty.

ACTION OF TORT for negligence. Pleas, the general issue, and special pleas in bar. Trial by jury at the October Term, 1917, Essex County, *Butler*, J., presiding. Verdict for the plaintiff.. On a motion by the defendant the verdict was set aside and judgment entered for the defendant. The plaintiff excepted. The opinion states the case.

*Amey & Cameron* for the plaintiff.

*John W. Redmond* for the defendant.

POWERS, J. The plaintiff was injured while in the defendant's service, and brings this action to recover damages therefor. The case took a somewhat unusual course in the trial court, and this is one thing of which the plaintiff (who brings the case here) complains. At the close of the evidence, the defendant moved for a verdict. This motion was at first overruled, *pro forma;* but, upon reflection, the court struck off this ruling and, reserving the questions raised by the motion, sent the case to the jury. A verdict was returned for the plaintiff to recover $7,000 damages. Upon the defendant's motion this verdict was adjudged to be excessive, and an order was made that unless the plaintiff, within a time specified, remitted $3,000 of it, it should be set aside and a new trial awarded. The defendant insists that it does not appear by the record that this *remittitur* was filed or

that judgment was rendered against the plaintiff; but we think these facts sufficiently appear, though it must be admitted that the proceedings might have been more clearly stated. The transcript shows that at some time after the order was made the court asked counsel for the plaintiff: "Now, in the Tarbell case, will you be able to tell us today whether you will enter a *remittitur* or not?" to which counsel replied, "Yes, your Honor." By this, the plaintiff evidently meant that he would enter a *remittitur*, and it is evident that the court so understood it, for it then remarked, "When that is done, why we will dispose of the other motions in the case." The meaning of the court is plain enough: That when the *remittitur* was filed, the motions would be passed upon. Still later, on the plaintiff's motion, the court proceeded to dispose of the motions, so we take it that the *remittitur* had been filed. The court used the word "motions" but evidently referred to the motion for a verdict only. The court disposed of this motion by ruling that, as matter of law, it should have been granted, and it then set aside the verdict and rendered judgment for the defendant. The plaintiff excepted.

[1-3] This method of procedure was permissible, though the motion could not, in the circumstances at least, be disposed of as a motion for a verdict. This is apparent, for the jury had returned a verdict and been discharged. No attempt was made to reassemble the jury for further action, even if such procedure was permissible. So the motion as one for a directed verdict was *functus officio*. The plaintiff says that it could not be treated as a motion for judgment *non obstante*, and we agree that it could not in the common-law sense of that term; for, at common law, such a motion raised a question of pleading only, and was, ordinarily at least, a plaintiff's motion; and we adhere to the common-law rule. *Lynch's Admr.* v. *Central Vermont Ry. Co.*, 89 Vt. 363, 95 Atl. 683. But after verdicts for the plaintiff had been rendered in *Harrington* v. *Rutland R. Co.*, 89 Vt. 112, 94 Atl. 431, a motion for a defendant's judgment was made and overruled. This was held to be error, and we said that when the undisputed facts, together with those established by special verdicts, show that the plaintiff has no cause of action, judgment should be rendered for the defendant, though a general verdict for the plaintiff was returned. So, too, when the evidence, viewed in the light most favorable to the plaintiff, shows that he has no cause of action, judgment should be for

the defendant, though the verdict is against him. This is in keeping with the spirit of the times which has found expression in the practice acts, which have been enacted to expedite and simplify proceedings in court. We hold, therefore, that this exception is without merit.

The accident in question occurred in the Province of Quebec, and it is agreed that, so far as the question of liability is concerned, Canadian law is controlling.

It appears from the record that the Dominion of Canada is made up of nine provinces, of which Quebec is one. Each of these provinces has its own lawmaking body and government, much as our several states do. The Dominion, also, has its Legislature, which corresponds somewhat to our Congress; and there was evidence tending to show that in case of a conflict between a statute of the Dominion and a statute of a province, the former would prevail. It appeared that by the Civil Code of the Province of Quebec (sec. 1053) a right of action for damages is given to one injured through the fault of another, if the latter is capable of discerning right from wrong. It is upon this statute that this action is brought. About this there is no dispute. This Code also provides (sec. 2261) that certain actions are prescribed in two years, and (sec. 2262) that certain other actions are prescribed in one year; and, further (sec. 2267) that in such cases the debt—that is to say, the right of action, is absolutely extinguished, and no action can be maintained thereon after the expiration of the time named. It is agreed that, if these last named provisions of the Code apply to the case in hand, a recovery cannot be had by this plaintiff; and inasmuch as the accident occurred on March 13, 1913, and suit was not brought until February 15, 1917, it does not matter under which of these two sections of prescription the case comes. In either case, the plaintiff would be without a right of action, as was held in *Osborne* v. *Grand Trunk Ry. Co.,* 87 Vt. 104, 88 Atl. 512, Ann. Cas. 1916 C, 74.

[4] But it also appeared that there was in force in Canada at the time of this accident certain acts of the Dominion Parliament by the provisions of which (Art. 306, Ch. 37, R. S.) actions for injuries sustained by reason of the operation of a railway should be commenced within one year next after the time when such injuries were sustained, and not afterwards. It was the claim of the plaintiff that this was the provision that applied to

his case, and that it was a mere limitation, and not an extinguishment of his right of action. If he is right in these claims, it is well settled that we would apply our own statute of limitations to the case, under which the action is seasonably brought. *Cartier* v. *Page,* 8 Vt. 146; *Graves* v. *Weeks,* 19 Vt. 178; *Sisson* v. *Niles,* 64 Vt. 449, 24 Atl. 992.

The defendant's evidence tended to show that this act, too, was a statute of extinguishment, but the plaintiff's evidence was to the contrary.

From what has been said it is apparent that the important question in the case is: Which of the acts above referred to—the Civil Code or the Revised Statutes—is to govern the case before us?

That a foreign law is a fact to be proved is admitted. That it is, ordinarily, a question for the jury is not denied. There was no controversy about this at the trial. Each party put in evidence the statutes on which he relied, each referred to decided cases to sustain his position, and each introduced expert testimony to strengthen his claim. And when it was all in the defendant took the position below, and maintains it here, that it so plainly appears from the evidence, when viewed in the light most favorable to the plaintiff, that the case is governed by the provisions of the Code, that there was nothing for the jury on this issue, and that it was for the court's disposition.

[5, 6]   That the evidence may be so plain as to make such a question one for the court cannot be doubted. In this respect it stands like any other fact. If the evidence is all one way, there is nothing to submit to the jury. It is only when there is a conflict in the evidence or inferences of fact are to be drawn therefrom that the question goes to the jury. *Hancock Nat. Bank* v. *Ellis,* 172 Mass. 39, 51 N. E. 207, 42 L. R. A. 396, 70 A. S. R. 232. When the evidence consists of statutes and judicial decisions alone, and these are not in conflict, the question is wholly for the court. *Cook* v. *Barrett,* 179 Mass. 576, 61 N. E. 266. And if to such evidence is added expert opinions which are in entire accord, the question is for the court. *Bradley* v. *Bentley,* 85 Vt. 412, 82 Atl. 669.

[7]   In considering the question whether there was any conflict in the evidence on this point we cannot weigh the evidence, of course, and can only say whether there was evidence fairly and reasonably tending to show that the Dominion Act

applied. On this subject, Mr. White, a Sherbrooke lawyer, was used by the plaintiff as an expert. He testified that in his opinion article 306 of the Dominion Act controlled the case. He admitted that the right of action was wholly given by the Code, but thought that article 306 controlled the remedy in the respect under consideration. He predicated this opinion on certain decisions which he referred to, and admitted that, for aught he knew, the actions therein were brought under the Dominion Act. This admission, however, only affected his credibility and the value of the opinion he had expressed. The cases referred to do not seem to have been put in evidence, and it was not shown that the witness had misinterpreted them. With this testimony in the record, we cannot say that there was no conflict in the evidence, and the case was for the jury. *Rainey* v. *Grand Trunk Ry. Co.,* 84 Vt. 521, 80 Atl. 723. It is true that the defendant saved various exceptions to Mr. White's testimony, but these are not brought up, and of course are not for consideration.

[8, 9] It may not be amiss to say in this connection that a case might be presented in which there were conflicting expert opinions as to what the law was, but which would be so plainly one way or the other as to warrant a directed verdict. While the credibility of the expert, like that of the ordinary witness, is generally for the consideration of the jury, if a verdict is returned against the clear weight of the evidence, the trial court should set it aside. *Hancock* v. *Western Union Tel. Co.,* 137 N. C. 497, 49 S. E. 952, 69 L. R. A. 403. Indeed, these cases involving expert testimony of what a law is merit the special attention of the court, for they involve the consideration of written statutes and the analysis of judicial opinions, matters concerning which jury estimates are not at all reliable. Moreover, an appellate court is not powerless in such cases, and on proper exception will not hesitate to set matters right, if for any reason the trial court fails to act in accordance with its duty. *Smith* v. *Martin,* 93 Vt. 111, 106 Atl. 666.

The point on which the case turns in this Court being such that it can doubtless be made clear at another trial, the case will be remanded; and the verdict of the jury having been cut down through the intervention of the court, a full retrial will be awarded.

*Judgment reversed, and cause remanded.*