G. P. TARBELL *v.* GRAND TRUNK RAILWAY COMPANY.

February Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 11, 1922.

*Foreign Law—Question of Fact—Construction of Foreign Statutes and Judicial Decisions Not in Conflict for the Court.*

1.  Foreign law is a question of fact and must be proved as such, but when the evidence as to such law consists wholly of statutes and judicial decisions, not in conflict, their construction is a question of law for the court, and this rule is not affected by the testimony of experts giving their opinion as to the meaning of such statutes and decisions.

2.  In an action of tort for negligence, where the cause of action arose in the Province of Quebec, Dominion of Canada, on the question of whether a provincial statute of extinguishment, or a Dominion statute of limitations applied, *held*, that, under the statutes and decisions introduced in evidence, the Dominion statute prevailed, by which the time for bringing the suit was limited, but the right of action remained.

ACTION OF TORT for negligence. Pleas, the general issue and special pleas in bar. Trial by jury at the April Term, 1921, Essex County, *Wilson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*John W. Redmond* for the defendant.

*Amey & Cameron* and *Shields & Conant* for the plaintiff.

WATSON, C. J. When this case was here before (94 Vt. 449, 111 Atl. 567), it was pointed out that the action was brought on section 1053 of the Civil Code of the Province of Quebec, in which Province the accident occurred on March 13, 1913. Nearly

four years elapsed before the commencement of the suit. It was further there pointed out that by section 2261 of this Code certain actions are prescribed in two years, by section 2262, certain other actions are prescribed in one year, and that by section 2267, the right of action in such cases is absolutely extinguished at the expiration of the prescribed period, no action being thereafter maintainable. The same thing was held in *Osborne* v. *Grand Trunk Ry. Co.*, 87 Vt. 104, 88 Atl. 512, Ann. Cas. 1916 C, 74.

It was contended by the plaintiff in the first trial, also in the trial now under review, that, as to the time of bringing the action, the case falls within the provisions of section 306, Ch. 37, R. S., an Act of the Dominion Parliament, known as the "Railway Act of Canada," which is an act of limitation only, not one of extinguishment. In the first trial defendant contended that the Dominion statute, like that of the Province of Quebec, is one of extinguishment; but in the second trial this contention was abandoned, and the assertion made that, conceding the Dominion statute to be one of limitation only, there is no conflict between the two, the subject-matter of each being different from that of the other, and consequently each is in force and the provincial statute governs in determining the case. Both of the statutes on which such contentions were based, were put in evidence, also numerous decisions of the provincial courts of Canada and of the Privy Council of England. In this connection expert witnesses gave testimony as to the Dominion and the provincial law, but in each instance the witness based his opinion on the statutes and judicial decisions in evidence before the court.

At the close of the evidence defendant asserted that, as the case stood, it was for the court to determine which governed, the provincial statute of extinguishment, or the Dominion statute of limitation. The court so ruled and proceeded accordingly. No question as to the correctness of this ruling is before us.

Defendant's motion for a directed verdict was overruled, the court holding that the case falls within the operative force of section 306 of the "Railway Act," by which the limitation goes only to the remedy, leaving the right of action unaffected. Defendant excepted to this ruling; also saved the same legal question by exception to the charge. The determination of the point so raised necessarily involves an inquiry whether, after the

foreign law was proved as a fact by the introduction of evidence of the nature and kinds stated above, the construction of the statutes and judicial opinions so in evidence was also to be decided as a question of fact, or as a question of law; and how the result of such inquiry is affected, if at all, by the fact that expert witnesses testified, each giving his opinion as to the proper construction to be given. The importance of this is manifest, when we observe that if the construction was a question of fact, the findings in that respect are not reviewable if supported by evidence; while if it was a question of law, exception lies to the ruling and the matter is before us for consideration.

[1] In *Bradley* v. *Bentley*, 85 Vt. 412, 82 Atl. 669, the only evidence of the law of Massachusetts was the testimony of an expert, and eight cases in the Massachusetts reports. There was no conflict in the evidence afforded by the cases so in evidence, and the testimony of the expert was to the same effect as the cases. It was held that the question of determining the tendency of the judicial decisions introduced was for the court and not at all for the jury, there being no conflict among them, and no facts, not ascertained, necessary to their construction— the Court saying that this accords with what is said in *Mellen* v. *U. S. Health and Accident Ins. Co.*, 85 Vt. 305, 82 Atl. 4, that the construction of writings, the facts necessary for fixing it having been ascertained, and none of them in dispute, is for the court and not for the jury. And we said in the instant case when it was here before (94 Vt. 449, 111 Atl. 567), that when the evidence of the foreign law consists wholly of statutes and judicial decisions, not in conflict, the question is for the court; and if the opinion of experts, in accord with such evidence, be added, it is still a question for the court. In a recent case, decided by the New York Court of Appeals, the rule is correctly and concisely stated as follows: "Foreign law is a question of fact and must be proved as such, but when after such proof is given the questions involved depend upon the construction and effect of a statute or judicial opinion they are for the court and not questions of fact at all." *Hanna* v. *Lichtenhein*, 225 N. Y. 579, 122 N. E. 625.

Nor is the rule different in the present case by reason of the testimony given by the three experts, each basing his opinion on the statutes and judicial decisions in evidence; for "no wit-

ness can conclude a court by his opinion of the construction and meaning of statutes and decisions already in evidence.'' *Eastern B. & L. Ass'n* v. *Williamson,* 189 U. S. 122, 47 L. ed. 735, 23 S. C. Rep. 527. ''In other words,'' says the same Court in another case, ''statutes and decisions having been proved or otherwise properly brought to the attention of the court, it may itself deduce from them an opinion as to what the law of the foreign jurisdiction is, without being conclusively bound by the testimony of a witness who gives his opinion as to the law, which he deduces from those very statutes and decisions.'' *Finney* v. *Guy,* 189 U. S. 335, 47 L. ed. 839, 23 S. C. Rep. 558. The holdings in that case show that courts are no more concluded by the testimony of witnesses as to the construction of a foreign statute and decisions under it in evidence, than they are by an averment in a pleading as to their meaning when set forth therein. And when the foreign law is properly set forth in a pleading as a fact, then a question of law arises thereon as to the legal effect. *Jenness* v. *Simpson,* 81 Vt. 109, 69 Atl. 646, 130 A. S. R. 1029.

[2]    Without indorsing the reasoning of the trial court in overruling the motion for a directed verdict, we think a careful examination of the statutes and judicial decisions put in evidence, shows the question of their meaning and effect to be one not of difficult solution. In the case of *Grand Trunk Ry. Co.* v. *Attorney General,* (1907) A. C. 65, the Privy Council said that two cases (naming them), decided in 1894, established two propositions: ''First, that there can be a domain in which provincial and Dominion legislation may overlap, in which case neither legislation will be *ultra vires,* if the field is clear; and, secondly, that if the field is not clear, and in such a domain the two legislations meet, then the Dominion legislation must prevail.'' In our opinion this holding of the appellate court of last resort, affords the touchstone for the proper solving of the question under consideration.

The record before us presents an instance where the domain was covered by a provincial statute of extinguishment, and also by a Dominion statute of limitation, the period for the bringing of the suit, as affected by either, terminating at the same time, namely, one year after the injury occurred. Neither statute was without legal existence; but as they overlapped the Dominion statute prevails, by which statute the time of bring-

ing the suit was limited, but the right of action remained. This is in accordance with the holdings by provincial courts in the two cases following: *Danyleski* v. *Canadian Pac. Ry. Co.*, 32 D. L. R. 95; *Canadian Northern Ry. Co.* v. *Pszenicnzy*, 54 Can. S. C. R. 36. In the latter case the right of action although existing by virtue of an "Employers' Liability Act," was for damages or injury sustained by reason of the operation of the railway and as such, it was held to fall within and to be governed by the period of limitation prescribed by section 306 of the "Railway Act," the court, through Judge Anglin, saying: "To hold differently would be improperly to allow otherwise valid provincial legislation to prevail over *intra vires* Dominion legislation in the field in which they overlap." referring in support to the Privy Council case of *Compagnie Hydraulique de St. Francois* v. *Continental Light, Heat and Power Co.* (1909) A. C. 194, an authority to the same effect as is the case of *Grand Trunk Ry. Co.* v. *Attorney General* (1907) A. C. 65, hereinbefore noticed.

Since the trial of the present case in the court below, a decision has been rendered by the Court of King's Bench, the highest court of the Province of Quebec, in the case of *McGinn* v. *Canadian Pac. Ry. Co.*, an action brought under Article 1056 of the Civil Code, by a widow whose husband, by the negligence of the railway company, received fatal injuries when riding on one of its trains in charge of live stock being carried thereon. The company pleaded prescription of one year under that Article of the Code. It was contended by the plaintiff that the limitation of two years established by section 391 (an amendment of the former section 306) of the "Railway Act of Canada," applied and was paramount. It was held that the right of action was not extinguished by the delay fixed by Article 1056 of the Code; and that the limitation contained in the "Railway Act" governed.

While this decision was not and could not be put in evidence during the trial of the instant case, because not then rendered, yet, in support of our holding in review, we may properly refer thereto as a similar construction of the law, given by the highest court of the province in which the accident then under consideration, as well as the one involved in the case before us, occurred. *Eastern B. & L. Ass'n* v. *Williamson*, cited above. The same course was pursued by this Court in *Blaine* v. *Curtis*, 59 Vt.

120, 7 Atl. 708, 59 A. R. 702, in support of its construction of the New Hampshire statute on which the action was brought, the case standing on demurrer to the declaration.

We think it clear that the case is governed by section 306 of the "Railway Act," as ruled by the trial court, and that the exceptions cannot be sustained.

*Judgment affirmed.*