JAMES A. GRATTON *vs*. PERCY A. HARWOOD.

GEORGE NOWELL *vs*. SAME.

JANUARY 25, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.   We have before us two actions of trespass on the case for negligence.   Each plaintiff sues to recover for damages which they respectively received as the result of an automobile accident which occurred in Massachusetts while the plaintiffs were riding as guests of the common defendant.   In each case the defendant pleaded (1) the general issue;  (2) that the defendant was not guilty of gross negligence according to the Massachusetts doctrine applying in passenger and guest cases and (3) that the law of Massachusetts, which created the cause of action, limited its life to one year.   The cases are here on exception of each plaintiff to a ruling by a justice of the Superior Court overruling each plaintiff's demurrer to the third plea.

Counsel appear to agree that the actions, had they been brought in Massachusetts, were commenced too late to be maintained; and that the actions cannot be maintained in Rhode Island—or elsewhere—if the law which created the right of action limited its life to one year.

The plaintiffs' counsel contends that the right of action was not created by statute but existed at common law; that the Massachusetts statute is merely a statute of limitations limiting the time within which suit may be brought in that commonwealth and hence has no force elsewhere.

The question as to what is the law in another state is a question of fact to be decided as any other question of fact. The defendant may not be able to sustain his third plea, but he has alleged in substance that the law of Massachusetts creating the right of action limited its life to one year. A demurrer admits for purposes of the demurrer all allegations of fact properly pleaded. By demurring the plaintiffs admit for purposes of the demurrer that the Massachusetts law creating the right of action gave it life for only one year, and we do not understand that counsel for plaintiffs questions the well established legal principle that an action created to exist only for a certain limited time ceases to exist at the expiration of said time and that thereafter suit cannot be maintained thereon even in a foreign jurisdiction having a much more liberal statute of limitations. See *Conn. Valley Lumber Co.* v. *Maine Cent. R. R.*, 78 N. H. 553, 103 Atl. 263; *Tarbell* v. *Grand Trunk Ry.*, 94 Vt. 449, 111 Atl. 567. The ruling on the demurrer was correct.

The question before us is whether the bills of exceptions should be dismissed as prematurely brought. In some instances it would be of advantage to parties to have questions of law, raised on demurrer, settled by this court before undergoing the expense of a trial. Such practice was permitted before the adoption of the Court and Practice Act. The old practice was not perfect. A defendant by raising successive questions of law on demurrer might take a case to the appellate court several times, thereby causing much delay before the case was heard on the facts. The legislature for reasons appealing to it saw fit to change the procedure.

Section 24, Chapter 348, G. L. 1923, provides that: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby." Since the adoption of the above language as a part of the Court and Practice Act, it has been the settled rule that a bill of exceptions to the overruling of a demurrer is prematurely brought if the decision permits the action to proceed to a determination of issues of fact tendered by the pleadings. See Troy v. Providence Journal Co., 43 R. I. 22, 109 Atl. 705; Germain v. L'Union St. Jean Baptiste D'Amerique, 113 Atl. 655, and cases cited.

The third plea being a good plea in bar, the plaintiffs should, by replying to this plea, raise or bring about an issue. Two other issues are raised by the plea of the general issue and the plea denying gross negligence in accordance with the Massachusetts rule in such cases in suits by guests against the owner or operator of the vehicle.

The exception in each case, being prematurely brought, is dismissed and each case is remitted to the Superior Court for further proceedings.

*Edward M. Sullivan, John J. Sullivan*, for plaintiffs.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler, Harold A. Andrews*, for defendant.

