GENERAL MOTORS ACCEPTANCE CORPORATION *v.* IRVING SILSBY.

May Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed October 6, 1936.

376

*Porter, Witters & Longmoore* for the defendant.

*Searles & Graves* for the plaintiff.

SHERBURNE, J.  The Roberts Motor Sales, Inc., a corporation located at Lancaster, New Hampshire, in 1932, at said Lancaster, sold to one Holloway a motor truck, and as a result of such sale a conditional sale contract was then and there executed between the parties and later duly recorded in the town clerk's office there.  This contract was shortly thereafter endorsed over to the plaintiff for value.  In 1933 the defendant as deputy sheriff attached the truck as the property of Holloway upon a writ in favor of a creditor, and later took the truck on execution.  After demand upon the defendant for the return of the truck and defendant's refusal, this action of replevin was commenced.

The applicable statutes were introduced in evidence and read into the record.  By sec. 27 of Ch. 216 of the Public Laws of New Hampshire, "No lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser, except * * *, shall be valid against attaching creditors * * * unless the vendor of such property takes a written memo-

randum, signed by the purchaser, witnessing the lien, the sum due thereon and containing an affidavit as provided in the following section, and causes such memorandum to be recorded in the town clerk's office of the town; * * *." By sec. 28 each vendor and purchaser shall make and subscribe a certain affidavit. By sec. 29 it is provided that when a corporation is a party to such contract, the affidavit may be made and subscribed as in case of mortgages of personal property. Sec. 12 of this chapter provides: "When a corporation is a party to such mortgage the affidavit may be made and subscribed by any director thereof or by any person authorized by the corporation to make or receive the mortgage."

The affidavit attached to the contract was in the statutory form, and it was subscribed by Holloway and by the Roberts Motor Sales, Inc., as follows: "Roberts Motor Sales Inc. By George D. Roberts" and was sworn to by Holloway and by "George D. Roberts."

Among other things the court found:

1. That George D. Roberts at the time of the execution of the contract was a director of the Roberts Motor Sales, Inc., and a person authorized to execute such instruments for it.

2. That under the New Hampshire law it was not necessary to the validity and legal effect of the instrument and the recording thereof that the official title of Roberts be affixed to it.

3. That under the New Hampshire law the signature "Roberts Motor Sales Inc. by George D. Roberts" was sufficient notice to put third persons upon inquiry as to his authority so to execute, and was a sufficient execution of the conditional sale instrument by said director of the vendor corporation.

4. That under the New Hampshire law the recording of the conditional sale contract and affidavit gave notice to the defendant of no other facts than those that appear upon the record.

5. That by reason of default with respect to payments upon the contract, the plaintiff was entitled to possession of the truck. To the above numbered findings 2, 3, and 5 the defendant took appropriate exceptions to test the sufficiency of the evidence to support them.

■■ Although the defendant in his brief cites three decisions of the New Hampshire Supreme Court upon the question before us, we consider only the one introduced in evidence below, viz.: *General Motors Acceptance Corporation* v. *Brackett &*

*Shaw Co.*, 84 N. H. 348, 150 Atl. 739, 70 A. L. R. 591. The law of New Hampshire was a fact to be found by the court below, and that court should not be prejudiced here by the failure of the defendant to introduce in evidence other cases which he may now think have a bearing upon the question in issue. We will not supply facts not shown by the record to reverse the judgment. *First National Bank* v. *Bertoli*, 88 Vt. 421, 425, 92 Atl. 970; *Powell* v. *Merrill*, 92 Vt. 124, 131, 103 Atl. 259; *Brown* v. *Bristol Last Block Co.*, 94 Vt. 123, 127, 108 Atl. 922.

In the above named New Hampshire case the town clerk merely recorded the body of the conditional sale memorandum and omitted to record the attached affidavit. The omission was held to be fatal. Among other things the court said: "'It is the intent of the statute that an inspection of the record should inform all parties whether the memorandum 'had been legally executed,'" citing cases. The court further said: "The test is a plain and simple one. It is whether the record if examined and read * * * would be an actual notice * * * of the original instrument and of all its parts and provisions, * * *. The registry is notice of no other facts than those that appear upon the record."

Each side produced a New Hampshire attorney-at-law of wide experience to testify as an expert to the law there. Both of these agreed that the opinion in the case above quoted contained nothing about the execution of the affidavit by an agent of a corporation and that the statute contains nothing about how the parties to the affidavit shall describe themselves. Plaintiff's expert testified that in his opinion the signing of the name of the corporation followed by the name of the person signing for the corporation, without more, was a sufficient compliance with the statute, and that the statute doesn't require that the affidavit set forth the authority of the agent. Defendant's expert testified that in his opinion the omission of the person signing in behalf of a corporation to add to his name the title indicating his authority would invalidate the lien as against attaching creditors. In cross-examination he testified that the signature as made, although it does not show that George D. Roberts was one of the persons named in the statute, indicated that he was trying to sign in behalf of Roberts Motor Sales, Inc., and that the signature as made might put the investigator upon notice.

Our determination involves an inquiry whether, after the foreign law was proved as a fact by the introduction of evidence as above indicated, the construction of the statutes and judicial opinion in evidence was also to be decided as a question of fact, or as a question of law; and how the result of such inquiry is affected, if at all, by the fact that expert witnesses testified, each giving his opinion as to the proper construction to be given. If the construction was a question of fact, the findings are not reviewable if supported by evidence; while if it was a question of law, the matter may be reviewed by us.

██ While it is the contention of the plaintiff that the New Hampshire law did not depend merely upon the construction and effect of a written statute and the interpretation of judicial opinion, and that there were unascertained facts to be proven by the expert witnesses, the fact is that such witnesses did not show that their opinions were influenced by other decisions bearing upon the point in issue, but that they merely attempted to construe the effect of the statute and to interpret the decision introduced in evidence. This is not sufficient to bring the case within the scope of *Rainey* v. *Grand Trunk Ry. Co.*, 84 Vt. 521, 528, 80 Atl. 723; or *Tarbell* v. *Grand Trunk Ry. Co.*, 94 Vt. 449, 454, 111 Atl. 567. Rather, this case is governed by *Bondi Brothers* v. *Holbrook Grocery Co.*, 96 Vt. 160, 118 Atl. 486; and by *Tarbell* v. *Grand Trunk Ry. Co.*, 96 Vt. 170, 172, 118 Atl. 484, 485, 34 A. L. R. 1444, and cases cited therein. There was no conflict in the decision and statutes introduced in evidence, and there were no unascertained facts necessary for their construction. As we said in the last named case, " 'Foreign law is a question of fact and must be proved as such, but when after such proof is given the questions involved depend upon the construction and effect of a statute or judicial opinion they are for the court and not questions of fact at all.' * * * Nor is the rule different in the present case by reason of the testimony given by the * * * experts, each basing his opinion on the statutes and judicial decisions in evidence; for 'no witness can conclude a court by his opinion of the construction and meaning of statutes and decisions already in evidence.' "

█ So the only question before us is one of law as to the proper construction of the statute and interpretation of the judicial opinion. The experts agreed and the court found that the recording of the conditional sale contract and affidavit gave

notice to the defendant of no other facts than those that appear upon the record. Such being the law we think that the omission of words showing in what capacity Roberts signed the affidavit was fatal. The statute does not contemplate that a compliance that might have put the defendant merely on notice had he examined the record should be sufficient. If that were so the case in evidence would not have held that the omission of the affidavit from the record was fatal, as the record of the body of the conditional sale memorandum might have put an investigator upon inquiry, if that was all that was required. As we view it, it is not a question of putting one upon inquiry, but one of such literal compliance with the statute that it will expressly appear in what capacity the affidavit is subscribed.

*Judgment reversed, and judgment for the defendant for the return of the truck and for his costs.*