### Edward N. Schott and Rosabel V. Schott, et al. v. Robert J. Baker, et al.

[326 A.2d 157]

No. 212-72

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed October 1, 1974

*Dick, Hackel & Hull*, Rutland, for Plaintiffs.

*Bloomer & Bloomer*, Rutland, for Karl and Margaret Schiessl, Petitioning Intervenors.

**Barney, C.J.** The present appeal derives from a foreclosure action. The appealing parties are Karl and Margaret R. Schiessl, who sought to intervene below and had their petition to that end denied. It is their claim that they are creditors who commenced an action against the defendant Baker by attaching his property in Sherburne, Vermont. Counsel on appeal did not try the matter below.

To better understand the case, it is necessary to begin with the action for foreclosure commenced by the plaintiffs Schott against Baker in December, 1971. A number of creditors of record were joined, but the Schiessls were not. On September 22, 1972, a judgment of foreclosure was entered in Rutland County Court. September 29, 1972, was the last day upon

which any named defendant could redeem the property. Two days before that time, September 27, the Schiessls filed their motion for permission to intervene.

The lower court had a hearing on September 29, and took judicial notice of the record in the pending action of the Schiessls against Baker. The court found that the motion to intervene was not timely filed, that the intervenors failed to demonstrate sufficient interest in the property in question to justify granting intervention, and that denial of their motion would not be shown to impair or impede their ability to protect their interests. Upon those grounds, the court denied intervention.

At the time the court judicially noticed the record in *Schiessl* v. *Baker*, that record contained no writ of attachment. At no time during the hearing was the writ of attachment introduced into evidence. Nor was a certified copy tendered in lieu of the original as authorized by 4 V.S.A. §§ 732 or 733. Thus, the court was left without evidence to fulfill the requirement of V.R.C.P. 24(a), which required the Schiessls to demonstrate an interest relating to the property which is the subject of the action, in order to be allowed to intervene. This Court will not reverse a trial court on the basis of essential evidence which could have been, but was not, presented to it for consideration. Facts will not be here supplied, that were not demonstrated by the record, to reverse the judgment. *General Motors Acceptance Corp.* v. *Silsby*, 108 Vt. 375, 378, 187 A. 525 (1936); *Powell* v. *Merrill*, 92 Vt. 124, 131, 103 A. 259 (1918).

The various appellees have raised a number of other grounds relating to, among other things, the validity of the attachment and judgment in the proceedings between the Schiessls and Baker. Our disposition removes the necessity to pass upon them. Nor is this a proper proceeding to review the merits of that attachment as we were requested to do, since it is its absence from the record that, as a matter of law, is a support for the result below.

Insofar as they may have any interest at all in the property, the situation of the Schiessls falls within the statutory language of 12 V.S.A. § 4523(b), binding persons who acquire their interest between the time of filing the copy of the petition for foreclosure with the town clerk and the re-

cording of the final judgment. The broad language of *Hunn v. Koerber*, 129 Vt. 490, 494, 282 A.2d 831 (1971), apparently to the contrary, actually applies to persons in the position of the defendant in that particular case, who acquired his interest prior to the commencement of any foreclosure proceedings.

*Judgment affirmed.*