# Vivian W. Culver v. Mary S. Culver

[332 A.2d 799]

No. 74-74

Present: Barney, C.J., Keyser, Daley and Larrow, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed February 4, 1975

*Bloomer & Bloomer*, Rutland, for Plaintiff.

*Hanford G. Davis, Esq.*, Brandon, for Defendant.

Daley, J. By findings of fact and order dated August 23, 1973, and by supplemental findings of fact and order dated March 26, 1974, the Rutland County (Superior) Court granted a divorce to the parties, Vivian W. Culver and Mary S. Culver. The stated grounds were that the parties had lived separate and apart for six consecutive months and the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551 (7). The court ordered plaintiff, Vivian Culver, to pay $25,000.00 to defendant, Mary Culver, on or before May 1, 1974, and divided the remaining marital property equitably between the parties.

The record discloses that the Culvers were married in North Haven, Connecticut, on December 17, 1944. In July, 1967, the parties separated and have lived apart since that time. Plaintiff filed for divorce in July, 1971, and in his complaint listed a house and lot in Brandon, Vermont, and one hundred shares of Southern New England Telephone stock as property possessed by him or jointly with his wife as of that date. Defendant filed interrogatories on February 3, 1972, seeking further information as to the property owned by the parties. Specifically, Interrogatory No. 12 asked that as of July, 1971, "did the parties, or either of them, own any property, real or personal, other than that listed in plaintiff's complaint, and, if so what?" Plaintiff, in his sworn answer, replied in the negative.

The findings, not here challenged, disclose that in 1966 the parties had a joint savings account in the Rutland Savings Bank in the amount of $21,051.77, and a joint savings account in the Proctor Trust Company, in which there was $30,106.90. In August, 1966, plaintiff closed out both accounts and redeposited them in another account in his sole name.

The case came on for hearing on May 3, 1973, at which time plaintiff was asked if he had any savings accounts, and he indicated that he had one of about $1,000.00 in the Proctor Trust Company. There was no mention of the Rutland Savings

Bank account. However, at a further hearing held by the court on July 16, 1973, plaintiff corrected his prior testimony by admitting that after the May 3, 1973, hearing he withdrew $29,000.00 from the Proctor Trust Company and, on May 7, he withdrew $27,000.00 from the Rutland Savings Bank and deposited both sums in an account in Connecticut in his mother's name. The court noted the complicated factual situation in regard to property involved in this case, including the manipulation of the two main savings accounts. Recognizing that a division of the marital property here involved did not lend itself to a precise mathematical formula, the court ordered the $25,000.00 payment from husband to wife, a sum it believed to be just and equitable under all the circumstances. We agree and, therefore, affirm.

15 V.S.A. § 754 provides, in pertinent part, the statutory basis for the court's decision:

> Upon dissolution of the marriage, the court may decree to the wife such part of the real and personal estate of her husband, or such sum of money to be paid in lieu thereof by the husband, as it deems just, having regard to the circumstances of the parties respectively. It may require the husband to disclose on oath what real and personal estate has come by reason of the marriage, how the same has been disposed of and what portion thereof remains in his hands.

The particular words of the statute, "as it deems just, having regard to the circumstances of the parties respectively", gives to the court a wide discretion in considering the exact nature and amount of a property division. The trial court filed extensive findings of fact relative to the manner in which the property of the parties was acquired, including the sums received by the plaintiff as an inheritance and the contributions of both parties to the jointly owned properties. These detailed findings of the trial court, except for minor inconsistencies not affecting the result, indicate that the court responsibly carried out its consideration of the circumstances of the parties before arriving at the $25,000.00 settlement. *See Whitcomb v. Whitcomb,* 115 Vt. 331, 58 A.2d 814 (1948). In this regard, the original source of funds from

which marital property was acquired is not of controlling significance in resolving the issue of property disposition. *Lafko* v. *Lafko*, 127 Vt. 609, 256 A.2d 166 (1969). Finally, the considerations were primarily factual in deciding the property division, and plaintiff has shown no abuse of discretion, as he must do. *Robinson* v. *Robinson*, 130 Vt. 558, 298 A.2d 556 (1972).

■ ■ Plaintiff maintains that the divorce order cannot stand when the evidence is undisputed that it is impossible to perform. He points to the transfers of money to his mother in Connecticut as evidence of the fact that he no longer has control over that money. Impossibility of performance is not here a proper defense or excuse for not complying with the order of the court. Impossibility of performance of a contract is a limitation on the court's equitable power to decree specific performance of a contract and becomes a justification for awarding money damages in its stead. 4 J. Pomeroy, EQUITY JURISPRUDENCE, § 1405b, at 1046 (5th ed. S. Symons).

In affirming the divorce order, we feel constrained to emphasize that there was in no way reliance upon a controverted letter introduced in appellee's brief and thus attempted to be presented as evidence for the first time on appeal. *See Schott* v. *Baker*, 132 Vt. 564, 326 A.2d 157 (1974). We also note that plaintiff's attorney on appeal was not counsel of record at the time plaintiff responded incompletely to defendant's interrogatories and that the transfers of money were made without advice of counsel.

■ ■ Plaintiff further argues from the language of 15 V.S.A. § 754, "having regard to the circumstances of the parties respectively", that the trial court should have considered the fault of either or both parties in the property settlement. He maintains that there is no evidence whatsover that fault was considered relative to the disposition of property. However, by its conclusions, the court made what it deemed an equitable disposition of the marital property, and plaintiff fails to cite evidence to show that fault was *not* considered. Plaintiff also attacks as being too vague for enforcement that part of the order making disposition of the house and property in Brandon. The court in its order converted the

tenancy by the entirety to tenancy in common. No party is at this time seeking to alter the terms of the tenancy in common as established by the order, and moreover, this Court is not the proper forum for such an action.

We have considered plaintiff's other arguments on appeal and none of them rise to a level establishing abuse of discretion. No error was demonstrated.

*Affirmed.*