## State of Vermont v. John Raymond

[431 A.2d 453]

No. 35-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 7, 1981

Motion for Reargument Denied April 28, 1981

*David G. Miller*, Franklin County State's Attorney, and *Marianne Lipscombe*, Deputy State's Attorney, St. Albans, for Plaintiff.

*Nicholas L. Hadden* of *John Kissane Associates*, St. Albans, for Defendant.

466

Underwood, J. The appellant, while operating his motorcycle on Vermont Route 104A in Georgia, on the afternoon of 31 August 1979, apparently lost control and had an accident. He suffered severe head and facial injuries and was transported by ambulance to the Medical Center Hospital of Vermont in Burlington. At the emergency room of the hospital, at the insistence of the investigating state trooper, he was processed for driving while under the influence of intoxicating liquor (DWI), and a blood sample was taken from him for analysis. The resulting analysis showed 0.16% of alcohol in his blood by weight.

He was charged with DWI, 23 V.S.A. § 1201(a)(1), and the jury found him guilty as charged. A judgment was entered upon the verdict by the District Court of Vermont, Franklin Circuit, Unit No. 3. It is from this judgment that the appellant appeals.

The appellant has raised and briefed eight assignments of error, two of which are independently sufficient to justify a reversal. The three principal contentions are the following:

(1) The admission into evidence of the implied consent form violated the hearsay rule and constituted an error of such glaring magnitude as to violate the defendant's constitutional right to a fair trial.

(2) The denial of an evidentiary hearing, out of the presence of the jury, to determine whether the testimony of the State's witness, Elizabeth Kerr, a licensed practical nurse, should have been suppressed as falling within the patient's privilege, was reversible error. (12 V.S.A. § 1612(a).)

(3) Permitting Elizabeth Kerr to testify, without a waiver by the defendant of the patient's privilege, that she observed the odor of alcohol on the defendant's breath while attending him in her professional capacity was reversible error.

The state trooper, who processed the appellant in the emergency room of the hospital for DWI, was a proper person to request the appellant to submit to the taking of a blood sample for an alcohol content test. 23 V.S.A. § 1202(a). He testified at length as to the manner in which he informed the appellant of his rights under the implied consent law, 23 V.S.A.

§ 1202(b), and that the appellant had verbally consented to the giving of a blood sample even though he was physically unable to sign the implied consent form. There was no need for the State to offer the implied consent form itself into evidence. Trooper Miller was present in court and available for cross-examination.

The implied consent form which was admitted into evidence over the defendant's objection contained, in part, the following language: "Should you take the [blood] test, an extra sample will be held by the State Health Laboratory for the next 30 days for independent analysis at your request." 23 V.S.A. § 1203(a) mandates:

A sufficient amount of breath or blood, as the case may be, shall be taken to enable the person, at his option, to have made an independent analysis of the sample, and shall be held for no more than 30 days from the date the sample was taken.

Any time within that period, the respondent may direct that the sample be sent to an independent laboratory of his choosing for an independent analysis. At no time shall the respondent or any agent of the respondent handle or otherwise have access to the sample. The results of any independent analysis made at the direction of the respondent shall be sent only to the respondent or his attorney. Chemical analysis of the person's breath or blood which is available to that person for independent analysis shall be considered valid under the provisions of this section when performed according to methods approved by the state department of health.

Whether the defendant exercised his statutory right to have one of the blood samples analyzed by an independent laboratory is of no concern. He does not have to accept the sample, and if he does so, he need not later testify as to what he did with it. The jury should not be allowed to speculate or draw inferences from the implied consent form as to whether the defendant did have an independent analysis made, whether that analysis confirmed the State's analysis or was more conclusive, or whether the defendant was convinced that the State's analysis was accurate and that he therefore sought no independent analysis.

The credibility of the State's blood alcohol analysis of 0.16% was crucial to a conviction, particularly in this case, where no one observed the motorcycle accident and where the defendant was processed for DWI while in the emergency room of the hospital for treatment of a severe head injury.

This Court has stated in no uncertain terms before:

> The purpose and policy of the statute is to protect the defendant and not to manufacture evidence in favor of the state. Nor does it impose an obligation on the defendant to testify what he did concerning a sample obtained by him. And no inference may be drawn against the defendant by the court, prosecutor or jury if he does pick up his sample. He is not to be prejudiced thereby nor placed in jeopardy or at the mercy of the second sample which the statute provides shall be taken and preserved for him . . . . And this is true whether or not a defendant testifies in his own behalf . . . .

*State* v. *McSheffrey*, 131 Vt. 329, 336, 306 A.2d 702, 706 (1973). The admission of the implied consent form is therefore error of a magnitude requiring a reversal and a new trial.

The second and third assignments of error will be treated as one.

Elizabeth Kerr was a licensed practical nurse attending her patient, the defendant, in her professional capacity while he was undergoing medical treatment in the emergency room. If what she then observed of the defendant or heard the defendant say was also necessary to enable her to act in that capacity, then she could not disclose such information unless the defendant were to waive his privilege. 12 V.S.A. § 1612(a) provides:

> Confidential information privileged. Unless the patient waives the privilege or unless the privilege is waived by an express provision of law, a person authorized to practice medicine or dentistry, or a registered professional or licensed practical nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.

A careful examination of the transcript indicates a long col-

loquy about the patient's privilege between the court, the state's attorney, the defendant's attorney and an attorney appointed by the court for Elizabeth Kerr. Although the court characterized this as an in camera hearing, the state's attorney, defense counsel, Ms. Kerr and her attorney were all present. The State informed the court that it intended to elicit from Ms. Kerr her observations of the odor of alcohol on the defendant's breath and statements he had made to her before and while members of his family were present, concerning the speed at which he was operating his motorcycle and the amount of alcohol he had consumed. The defendant's attorney objected on the ground that all such information fell within the patient's privilege.

The court then stated for the record: "The Court wants to have this proved so I can make a judgment on whether or not this testimony can be permitted to be given in open courtroom in front of the jury." The court then permitted the State to examine Ms. Kerr under oath and permitted defense counsel to cross-examine her. When the examination of this witness was completed, the court said: "Well, the Court is going to rule that the patient's privilege does not apply in this case."

After further colloquy with all the attorneys, the court modified its ruling to permit the State to allow Ms. Kerr to testify only as to the odor of alcohol discernable by her on the defendant's breath. The State agreed that it would not ask Ms. Kerr anything about the other two matters.

We believe that the court did, in fact, grant the defendant the equivalent of a suppression hearing. The better practice would have been for the trial court to conduct a full evidentiary hearing, out of the presence of the jury, to determine whether the defendant had waived his patient's privilege, and if he had not, whether some or all of Ms. Kerr's testimony should be suppressed as falling within the confines of the patient's privilege. If the defendant wanted an opportunity to offer additional evidence on the subject of the patient's privilege, he should have advised the court and preserved his right on the record. Although defense counsel objected to the admission of the testimony of Ms. Kerr at the trial, it was on the grounds of the privilege itself rather than any claim that he had been denied the right to offer further evidence concerning the patient's privilege at the suppression hearing. We must

therefore examine the propriety of the court's ruling in the context of the evidence presented.

The nurse insisted at the suppression hearing that she was at all times attending the defendant in her professional capacity as a licensed practical nurse and that what she learned from him was necessary to enable her to act in her professional capacity. Given the uncontroverted fact that she was attending the defendant in her professional capacity, we must determine whether the nurse's observation of the odor of alcohol on her patient's breath was necessary to enable her to act in that capacity. 12 V.S.A. § 1612(a). The defendant contends that any observations made by the nurse while attending him in her professional capacity was information necessary to enable her to act in that capacity. He cites the ruling in *State* v. *Hohman*, 136 Vt. 341, 392 A.2d 935 (1978), in support of his position. In that case, the defendant was charged with murder in the first degree, to which he pleaded not guilty, notifying the State that he would rely on the defense of insanity. Over the strenuous objection of the defense counsel, the state's attorney was permitted to cross-examine the defendant's psychiatrist about admissions made by the defendant to an investigator for the public defender which were later made available to his psychiatrist, describing in gruesome detail how the defendant had strangled the young girl and disposed of her body.

We agreed there with defense counsel that this was a violation of the patient's privilege "to his substantial prejudice" and accordingly reversed the conviction and remanded the case for a new trial. We held: "The physician-patient privilege in this jurisdiction, codified under 12 V.S.A. § 1612, prohibits a physician from disclosing *any information* acquired while attending his patient unless there is a waiver either by the patient or by express provision of law." (Emphasis supplied.) *Id.* at 345, 392 A.2d 935. The fact that she smelled alcohol on the breath of the defendant is one of the cornerstones of the State's proof of DWI. Admission of this fact in violation of the patient's privilege would therefore be prejudicial to the defendant.

Observations of a patient's mental or physical condition by a licensed practical nurse is just as much "information acquired while attending [her] patient" as statements,

admissions or other utterances made by the patient to his nurse. If the observation was one which was necessary to enable her to act in her professional capacity, then it is privileged information. It is reasonable to assume that the fact that a patient suffering from a severe head injury is emanating an odor of alcohol is knowledge necessary to correctly treat the patient. It is one thing if a blow to the head has caused such a concussion that the patient is delirious. It is quite another if the patient is disoriented from an overindulgence in alcohol. A combination of a blow to the head and overindulgence in alcohol might very well call for a different treatment or analysis of the patient's condition by the attending licensed practical nurse.

The waiving of the privilege under 12 V.S.A. § 1612(a) is within the province of the patient and not the licensed practical nurse. Cf. *Mattison* v. *Poulen*, 134 Vt. 158, 161, 353 A.2d 327, 329 (1976). There is little doubt from the record that the defendant did not waive his patient's privilege. Absent a waiver of that privilege by the defendant or by some express provision of law, neither of which applies in this case, it was error to permit Ms. Kerr to testify about her observations of alcohol on the breath of the defendant. This error is also grounds for a new trial.

Our reversal and remand for a new trial dispenses with our need to rule on the remaining assignments of error.

*Reversed and remanded for a new trial.*