State of Vermont v. Lewis E. Springer, Jr., Presiding Judge, District Court of Vermont, Unit No. 3, Lamoille Circuit; Mary Burnor, Nadine Degree, Larry Thomson, William Sander and Arthur Hanson

[431 A.2d 460]

No. 27-80

Present: Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 10, 1981

*M. Jerome Diamond*, Attorney General, and *Edwin L. Hobson, Jr.*, Assistant Attorney General, Montpelier, and *Joseph Wolchik*, Lamoille County State's Attorney, Hyde Park, for Plaintiff.

*James L. Morse*, Defender General, *William A. Nelson*, Appellate Defender, and *Jacqueline Majoros*, Law Clerk (On the Brief), Montpelier, for Hanson.

*Brian Grearson* of *Richard E. Davis Associates, Inc.*, Barre, for Springer.

*Bruce Bjornlund*, Waterbury, for Burnor, Degree, Thomson and Sander.

Hill, J. This appeal emanates from an inquest into the death of a patient at the Vermont State Hospital in Waterbury.

The body of a patient was discovered in a remote wooded area near the hospital, covered with green hospital bedsheets, pine needles, moss, and a jacket belonging to another hospital patient. The owner of the jacket, Arthur Hanson, had left the institution with the decedent. The cause of death was a contact gunshot wound to the head. The fatal weapon had been

purchased by Hanson and was found buried approximately 350 yards from the body. The only possible additional evidence regarding the death are statements made by Hanson to certain state hospital employees.

Upon application by the Lamoille County State's Attorney an inquest into the death was granted, 13 V.S.A. § 5131 et seq. The District Court judge also granted the State's Attorney's request to subpoena Hanson and the hospital employees who may have talked with him about the death. Those subpoenaed include a psychologist intern and three members of a team headed by the psychiatrist treating Hanson; the coordinator of Hanson's ward; a psychologist treating the patient; and a psychiatric aide involved in the patient's day-to-day treatment.

Hanson's attorney moved to quash the subpoenas based on the patient privilege granted in 12 V.S.A. § 1612(a). The State's Attorney dropped his request to subpoena Hanson. The district judge, after hearing only legal arguments, granted the motion, thereby precluding any examination of the persons named.

The State filed an action for extraordinary relief in Superior Court, 4 V.S.A. § 113; V.R.C.P. 75, 81(b), naming as defendants the four subpoenaed witnesses, the District Court judge, and Hanson. The Superior Court granted relief on the ground that 12 V.S.A. § 1612(a) accorded a privilege only for communication with the persons enumerated in the statute: a person authorized to practice medicine or dentistry; and a registered professional or licensed practical nurse. The court vacated the District Court order and ordered the subpoenas reissued. Defendants appeal.

Defendants argue first that the Superior Court was without jurisdiction to grant extraordinary relief because such relief is available only if there is no other adequate remedy at law and the State could have sought an interlocutory appeal from the District Court action pursuant to V.R.A.P. 5(b).

Extraordinary relief, it is true, may not be used as a substitute for an appeal, *Rhodes* v. *Town of Woodstock*, 132 Vt. 323, 325, 318 A.2d 170, 172 (1974), and defendants' jurisdictional claim would be supportable if an appeal had been available to the State, *id.* at 325, 318 A.2d at 171. This Court's

jurisdiction to entertain interlocutory appeals is granted in 4 V.S.A. § 2 and limited in criminal matters by 13 V.S.A. § 7403 to "a prosecution by complaint, information or indictment." Referring to 13 V.S.A. § 7403, we stated in *State* v. *Benjamin:* "The jurisdiction of the Supreme Court to hear and determine exceptions reserved by the State is restricted to appeals expressly authorized by statute." 124 Vt. 20, 20–21, 196 A.2d 507, 508 (1963). The issue now before us arose at an inquest, not at a criminal prosecution. Consequently, the State was unable to bring an interlocutory appeal, and the Superior Court properly exercised its jurisdiction in hearing the request for extraordinary relief.

■ Defendants also challenge the Superior Court's interpretation of the patient privilege and its decision to reissue subpoenas to the hospital employees. A party asserting the privilege has the burden of proving (1) the existence of a protected privilege under law, and (2) the information sought was privileged information. See *Lightman* v. *State*, 15 Md. App. 713, 724, 294 A.2d 149, 156, *aff'd*, 266 Md. 550, 295 A.2d 212 (1972), *cert. denied*, 411 U.S. 951 (1973). We do not need to interpret 12 V.S.A. § 1612(a) in light of the legislative purpose to determine if the witnesses fall within the privilege because the district judge's summary quashing of the subpoenas precluded introduction of evidence vital to determining whether the information sought was itself privileged.

We stated in *State* v. *Hohman* that 12 V.S.A. § 1612 was established "to insure that a psychiatric examination be conducted in an atmosphere of candor" and that in order to fulfill this goal the privilege must extend to "all statements made by the defendant and acquired by the physician while attending the defendant that might bear on his sanity regardless of when or to whom those statements were made." 136 Vt. 341, 346, 392 A.2d 935, 938 (1978). In this case, it is not the psychiatrist but rather his agents who are asked to testify. Whether this would yield a different result from that reached in *Hohman* need not be decided. The trial judge failed to allow introduction of evidence as to whether the information gathered was necessary for the care and treatment of the patient. Without more evidence, we are also unable to ascertain whether the testimony sought related to confidential conversa-

tion or merely, for example, to the patient's physical appearance upon his return to the hospital. See *People* v. *Capra,* 17 N.Y.2d 670, 216 N.E.2d 610, 269 N.Y.S.2d 451 (1966). We are without evidence relating to the hospital employees' relationship with, and duty to, the attending psychiatrist, nor can we determine the circumstances under which the patient communicated with the employees. Defendants refer to the hospital's regulations governing division of responsibility for treatment of patients, but those rules were not admitted into evidence.

We therefore are without sufficient information to conclude whether the evidence sought from the subpoenaed witnesses would have been protected by 12 V.S.A. § 1612(a).

*Judgment order vacated and set aside. Case remanded to be certified to the District Court for further proceedings consistent with the view expressed in this opinion.*