## State of Vermont v. Michael Ladd Sweet

[453 A.2d 1131]

No. 62-81

Present: Billings, Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

*David G. Miller*, Franklin County State's Attorney, and *Marianne Lipscombe*, Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Andrew B. Crane*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

Hill, J. Defendant was convicted after trial of driving while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2), and subsequently filed a timely notice of appeal. We affirm.

During the early morning hours of August 20, 1980, the state police were summoned to the scene of a motorcycle accident. Upon arrival, they found defendant lying on the road, unconscious, and bleeding from the nose and mouth. After a short while, he regained consciousness. While aiding defendant, the police detected alcohol on his breath. When they asked if he had been drinking, he replied: "Four beers, tops." Soon after, defendant was transported by ambulance to the Kerbs Hospital emergency room. Prior to being treated at the hospital, defendant was asked by the nurse on duty to sign a consent-to-treatment form. Although defendant told the nurse that he was too drunk to sign the form, he eventually did. After being treated by the nurse for his injuries, defendant was then processed for DWI. At trial, despite defendant's strenuous objections, the nurse who treated defendant was permitted to testify to defendant's statement that he was too drunk to sign the consent form.

The sole issue raised on appeal is whether the nurse's testimony regarding defendant's statement that he was too drunk to sign the consent form was admitted into evidence in violation of the patient privilege statute, 12 V.S.A. § 1612(a)

■ We have recently noted that a party who asserts such a privilege has the burden of proving first, that the privilege exists, and second, that the material sought to be protected was in fact privileged. *State* v. *Springer*, 139 Vt. 471, 474, 431 A.2d 460, 461 (1981) (citing *Lightman* v. *State*, 15 Md. App. 713, 724, 294 A.2d 149, 156, *aff'd*, 266 Md. 550, 295 A.2d 212 (1972), *cert. denied*, 411 U.S. 951 (1973)). There is no question that the asserted privilege exists. In pertinent part, the patient privilege statute states:

> Unless the patient waives the privilege or unless the privilege is waived by an express provision of law, a person authorized to practice medicine or dentistry, a registered professional or licensed practical nurse, . . . shall not be allowed to disclose any information which [she] acquired in attending a patient in a professional capacity, and which was necessary to enable [her] to act in that capacity.

12 V.S.A. § 1612(a). In applying the statute to the present

case, we note that neither party has claimed that a waiver took place, nor is either party questioning the fact that the nurse who treated defendant was duly licensed and registered. Therefore, our inquiry is limited to whether defendant's statement that he was too drunk to sign the consent form constitutes privileged information.

In asserting that his statement was privileged, defendant cites as support our recent decision in *State v. Raymond,* 139 Vt. 464, 431 A.2d 453 (1981). In *Raymond,* we held inadmissible the testimony of a registered nurse that she observed the odor of alcohol on a defendant's breath while attending him in her professional capacity. *Id.* at 470–71, 431 A.2d at 457. Of crucial importance to our holding in *Raymond* was the fact that the nurse there insisted that her observations were made while functioning in her professional capacity, and that what she learned from him was necessary to enable her to act in her professional capacity. *Id.* at 470, 431 A.2d at 457. Thus, the critical test is whether the information sought to be protected is the type of information necessary to enable the attending physician or nurse to act in his or her professional capacity. *Id.; State v. Springer, supra,* 139 Vt. at 474, 431 A.2d at 462.

A review of the record in this case reveals that defendant's reliance on *Raymond* is misplaced. To begin with, his statement that he was too drunk to sign the consent form was made prior to the commencement of any treatment at the hospital. In asking defendant to sign the form, the nurse was fulfilling a clerical duty required for all in-coming patients, except those in life or death situations. Information obtained by a physician or nurse in a clerical or supervisory capacity, as opposed to a professional or treating capacity, simply does not constitute privileged information. *Westphal v. State,* 191 Misc. 688, 79 N.Y.S.2d 634, 640 (Ct. Cl. 1948). Furthermore, the nurse in this case specifically testified that defendant's volunteered statement was not necessary for her to act in her professional capacity.

In sum, if the nurse's testimony had consisted of statements by or observations of the defendant while she was treating him in her professional capacity, then the testimony

clearly would have been inadmissible. However, defendant's spontaneous and volunteered declaration of his inability to sign his name to a routine consent-to-treatment form did not constitute privileged information. Accordingly, the trial court's decision to permit the nurse's testimony did not violate 12 V.S.A. § 1612(a).

*Affirmed.*