## State of Vermont v. Ralph C. Emerson

[549 A.2d 1072]

No. 86-345

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 17, 1988

*Jeffrey L. Amestoy, Attorney General*, Montpelier, and *Joanna A. Mauer* and *Herbert W. Olson, Assistant Attorneys General*, Waterbury, for Plaintiff-Appellee.

*Eric G. Parker* of *Otterman and Allen, P.C.*, Barre, for Defendant-Appellant.

**Peck, J.** Defendant appeals his sentence of four to ten years suspended with two years to serve for the crime of sexual assault on a minor. He argues that the trial court erred by considering a medical evaluation of him in its sentence determination. On June 10, 1986, defendant entered a plea of no contest to a violation of 13 V.S.A. § 3252(3), sexual assault on a minor. Following accept-

ance of his plea, the trial court ordered a presentence investigation report (PSI). The PSI was subsequently filed with the trial court and included a report of an initial psychological evaluation of defendant and a letter from defendant's therapist regarding his treatment and prognosis.

Prior to the July 14, 1986, sentencing hearing, defendant made a motion to suppress the initial evaluation or, in the alternative, to have the judge disqualify herself if she had read the report. At the sentencing hearing the court considered the motion and denied it, noting that defendant had signed a medical waiver for the probation officer who wrote the PSI. The court sentenced defendant to four to ten years suspended, with two years to serve, and denied his motions to reduce or correct the sentence.

Defendant argues that the sentencing judge improperly considered medical reports contained in the presentence investigation report in violation of his patient's privilege. The burden of establishing that a privilege applies in a particular case is on the party asserting it. *State* v. *Springer*, 139 Vt. 471, 474, 431 A.2d 460, 461 (1981). In this case defendant failed to meet his burden.

We note that there is a total absence of evidence before the trial court as to the existence of the privilege and whether it was effectively waived. There is no indication that defense counsel was ever barred from presenting evidence that would have established the existence of the privilege, and although defendant testified at the sentencing hearing, he presented no evidence on the privilege and waiver issue.

"This Court will not reverse a trial court on the basis of essential evidence which could have been, but was not, presented to it for consideration." *Schott* v. *Baker*, 132 Vt. 564, 565, 326 A.2d 157, 158 (1974). Because defense counsel did not present evidence regarding the privilege and waiver we cannot now reverse the trial court on that basis.

*Affirmed.*