## State of Vermont v. Joshua A. Tatro

[635 A.2d 1204]

No. 92-443

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed November 29, 1993

*John T. Quinn*, Addison County State's Attorney, Middlebury, and *Gary Kessler*, State's Attorneys' and Sheriffs' Department, Montpelier, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *Henry Hinton*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant was convicted after a jury trial of driving under the influence of alcohol in violation of 23 V.S.A. § 1201. The conviction was his sixth offense, and the court sentenced him pursuant to 23 V.S.A. § 1210(d). We affirm.

Central to the appeal is the testimony of Victor Sears, who was one of the first persons to arrive at the scene of the accident, which occurred within a few hundred yards of Sears' father's residence. Sears observed that two persons were seated in the right front passenger seat, one on top of the other. He testified that the person on top, later identified as defendant, had his feet over the center console and placed in the area of the accelerator on the driver's side of the vehicle. The person underneath defendant had his torso and feet placed "as you would expect any passenger to be." Sears said that he believed that the person under defendant might not be breathing and that he saw a "starred" or cracked windshield. Sears then asked defendant to identify who was driving the vehicle. His purpose in asking the question was to determine if the person under the defendant had hit the windshield, to assess the importance of

immobilizing his spine. He added that at the time he asked defendant the question he intended to treat only the other person. At the time, Sears' medical training consisted of a basic CPR course, taken in connection with military service, and current enrollment in a "first-responder" training program. He stated that his actions in assisting at the accident scene were those of a citizen; he was not acting as a member of any rescue squad or fire department.

Before trial, defendant moved to exclude Sears' testimony as privileged communication between doctor and patient under V.R.E. 503 and 12 V.S.A. § 1612. He argued that Sears had referred to the accident victims as "patients" during discovery and that his true purpose in questioning defendant at the scene was to determine the medical condition of the car's occupants.

The court denied the motion, explaining that defendant's statement to Sears as to who was driving was not a communication "made for the purpose of diagnosis or treatment of his physical, mental, dental, or emotional condition," within the meaning of V.R.E. 503(b). When defendant objected at trial to Sears' testimony about defendant's statements at the scene, the court ruled "that the witness is not within the privilege— merely because he is an exceptional citizen and has undertaken CPR training, and was acting as a rescuer."

After the jury found defendant guilty of driving under the influence, the State was permitted to introduce certified copies of court records, indicating that a person with defendant's name and same date of birth previously had been convicted of DUI five times. The two oldest convictions, in 1956 and 1977, simply contained a record of the conviction, but two convictions in 1980 and one in 1987 each contained a judge's certification that the pleas of guilty/nolo contendere were knowing and voluntary. After further deliberations, the jury found that defendant had been previously convicted of driving under the influence on five occasions. The present appeal followed.

■ Defendant has the burden of proving that the physician-patient privilege existed between witness Sears and himself and that the communication sought to be protected was privileged. See *State v. Sweet*, 142 Vt. 238, 239, 453 A.2d 1131, 1132 (1982). In *Sweet*, a defendant convicted of DUI sought to exclude his comment to a nurse at the hospital that he was too

drunk to sign a consent-to-treatment form. *Id.* This Court affirmed the denial of a privilege because the information was not necessary for treatment and because the nurse was not acting in her professional capacity, but rather performing only clerical duties. *Id.* at 240, 453 A.2d at 1133.

In the present case, defendant failed to make the threshold showing that Sears was a physician, dentist, nurse, or mental health professional within the meaning of V.R.E. 503(a). Sears' medical training by itself did not mean that his conduct when he arrived at the accident scene was that of a physician or nurse. There is also no evidence that Sears' use of medical terminology convinced defendant that he was acting in a medical capacity. The evidence was overwhelming that he was acting simply as a rescuer.

Even if Sears had been shown to have been qualified as a medical professional within the meaning of Rule 503, defendant failed to establish that the communication sought to be protected was privileged. Sears testified that he wanted to know who was driving the car so that he could assess the damage to the unconscious passenger, and that he did not intend to treat defendant. Defendant did not testify on this point and presented no evidence that he intended this communication to be confidential. The Court's ruling on privilege was without error.

Defendant next argues that the court erred in finding that three prior convictions were valid, raising the offense charged to a felony. First, he asserts that at his change of plea hearing in 1987 the judge indicated that his conviction would be treated as a first offense. However, he introduced no evidence in support of this claim. The State presented credible evidence disputing defendant's claims on the 1987 conviction, indicating that he was represented by the public defender and that the plea agreement recommended a sentence of ten-to-twelve months suspended, except for thirty days to serve, with no fine. Nothing in the record supports defendant's claim that the court treated the 1987 conviction as a first offense. On cross-examination, he admitted that he had signed a plea agreement form, but could not recall if he was represented by an attorney. Defendant could not recall the name of the judge and disputed that he was placed on probation. In sum, defendant's testimony is insuffi-

cient to suggest existence of any defect. See *State v. Lambert*, 146 Vt. 142, 145, 499 A.2d 761, 764 (1985) ("The State's ultimate affirmative duty to establish the validity of a plea does not excuse defendant's insufficient effort to come forward on his claim.").

■ Defendant next claims that the State failed to establish the validity of the pleas in the three prior convictions from 1980 and 1987. At the hearing on the validity of the prior convictions, the State presented certified copies of the docket and disposition reports of the three convictions, which were accepted by the court. In all three cases, the presiding judges had certified that:

> Defendant's entry of plea of Guilty/Nolo Contendere is found by this court to be voluntary and made with knowledge and understanding of the consequences and after knowing waiver of constitutional rights. Plea has a factual basis. Said plea is hereby accepted and adjudication of guilty is entered hereon.

Defendant fails to meet his burden of demonstrating why this Court should find any of these convictions infirm, a burden imposed once the State establishes the convictions and the voluntariness of the waivers. *Id.* Section 1210(d) provides an enhanced sentence for recidivism; it does not create a separate offense. In this context, no presumption arises that the earlier convictions are invalid if they were never challenged on direct appeal as having been obtained through uninformed guilty pleas. *Parke v. Raley*, — U.S. —, —, 113 S. Ct. 517, 523–24 (1992). Since defendant offered no evidence to refute that provided by the State, the prior convictions were validly factored into the determination of defendant's enhanced sentence.

Defendant's final claim is that the court should not have considered the 1980 conviction, as the record indicated that he waived his right to an attorney. Defendant did not raise this issue before the trial court, and we will not consider it for the first time on appeal. *State v. Hoadley*, 147 Vt. 49, 52, 512 A.2d 879, 881 (1986).

*Affirmed.*