*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-253

JANUARY TERM, 2015

| | | |
|---|---|---|
| David Finlayson | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Linda Finlayson | } | DOCKET NO. 269-9-12 Wmdm |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Wife appeals from a final divorce judgment of the superior court, family division. She contends the trial court erred in dividing the marital estate by: (1) failing to give sufficient weight to the identity of the party through whom certain marital property was acquired; and (2) failing to sufficiently consider husband's expectation of inheritance through a family testamentary trust. We affirm.

Following a lengthy marriage, the parties were divorced pursuant to a final order issued in May 2014. They had three children, all of whom had reached the age of majority. Both parties were in their fifties at the time of the divorce, in reasonably good health, and employed full time, husband as a self-employed plumber and wife as a nurse. Neither party sought spousal maintenance.

The court found that husband was the beneficiary of a testamentary trust established in his father's will, which authorized the payment of not only income but principal to his stepmother, in accordance with her needs, and on her death to be divided equally between husband and his brother. At the time of the father's death in 2006, the trust had a value of $780,978. In September 2013, its value had been reduced to $640,058. At the time of the divorce, husband's stepmother was 71 years old, and in reasonably good health. The court found that there was a "significant probability" that husband would inherit some funds from this account upon his stepmother's death, but that "there [was] no competent evidence as to the specific value of any such inheritance" or the date of inheritance. The court thus concluded that while it could properly "consider" husband's possible future acquisition of funds from the family trust, in light of his stepmother's age and health it was "quite possible that [his] share of the trust will be significantly less than 50% of the present value of the account," or it could ultimately be "more than that amount." See 15 V.S.A. § 751(b)(8)(A) (providing that court "may consider . . . competent evidence as related to [the parties'] expectations of gifts or an inheritance" but may not "speculate" as to the value of the gifts or inheritance absent "competent evidence of such value").

In dividing the marital estate, the court determined that—in regard to funding the parties' respective retirements—it would not assign husband an interest in any of wife's accumulated retirement assets "in the expectation that he will receive sufficient funds from his family trust," and the court thus awarded wife all of "her retirement assets, which have a total value of $79,324." The balance of the marital estate the court determined to divide equally. It awarded wife the marital home and a Merrill Lynch investment account containing funds which she had inherited from her grandmother and her father, and the increase in value of the funds during the marriage. To offset these awards, the court awarded husband "the sum of $170,632," representing his share in the equity of the residence and the Merrill Lynch investment account.

Wife subsequently moved to reconsider and amend the judgment. The court granted the motion in part, finding that it had overstated wife's retirement funds by $23,808, leaving a total of $56,516, but otherwise declined to modify the judgment. This appeal by wife followed.

Our review is deferential. The family court enjoys "broad discretion when analyzing and weighing the statutory factors" governing the division of a marital estate. Wade v. Wade, 2005 VT 72, ¶ 13, 178 Vt. 189. The family court's responsibility when fashioning an equitable award is to "explain the underlying rationale for its decision," which this Court will not disturb absent a showing that the family court abused its discretion. Id.

Wife first contends that, in dividing the funds in the Merrill Lynch account, the court erroneously failed to consider "the party through whom the property was acquired," as permitted by 15 V.S.A. § 751(b)(10)), and that, if it had considered the origin, "a disproportionate share of the Merrill Lynch account should have been awarded to [wife]." The record does not support the claim. The court addressed this factor directly, finding that the Merrill Lynch funds were derived from wife's inheritances, while also noting that a portion of the funds had enabled the parties to build a barn and horse paddock on the property and to remodel their kitchen, while further observing that husband had used funds provided by his father to pay off a mortgage. As we have explained, the source of an asset is not necessarily of "controlling" significance in a property division, but one factor among others in the determination of an equitable division. Culver v. Culver, 133 Vt. 191, 193-94 (1975) ("[T]he original source of funds from which marital property was acquired is not of controlling significance in resolving the issue of property disposition."). Here, the trial court relied on the length of the marriage and the parties' respective contributions, ages, and incomes to settle on an equal division of the principal marital assets. Wife has not shown that this was an abuse of the court's broad discretion. Accordingly, there is no basis to disturb the award.

Wife also contends the trial court erred in failing to offset "something close to the present value of 1/2" of the testamentary trust in which husband is a co-beneficiary. She maintains that the court found an "equal chance" that the corpus of the trust would grow or decline, and therefore should have utilized its current value. She questions the equity of concluding that a party with $55,516 in retirement assets is "in the same position, looking toward retirement," as a party with a half-interest in a trust with a current value of $640,000. The court did not, however, find an "equal chance" that the trust would grow or decline, but merely noted that both were possible, and that while it was likely husband would inherit some funds, there was no evidence in the record to place a specific value on the amount of husband's inheritance. Under these circumstances, we cannot conclude that the trial court abused its discretion in considering the testamentary trust in assigning the retirement assets without placing a specific value, current or otherwise, on the trust corpus. See Wade, 2005 VT 72, ¶ 13 (noting trial court's "broad

2

discretion" in analyzing and weighing property-distribution factors); 15 V.S.A. § 751(b)(8)(A) (providing that trial court may consider expectation of inheritance but "shall not speculate as to the value of an inheritance or make a finding as to its value unless there is competent evidence of such value"). Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice