Filed 04/18/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-02626

---

**Donald Gates, Jr. v. Mack Molding Company, Inc. et al**

---

# ENTRY REGARDING MOTION

Title:      Motion For Protective Order And To Quash Subpoenas - EMERGENCY
(Motion: 5)
Filer:      Frederick David Harlow
Filed Date:      February 03, 2025

      In this wrongful termination action, the court issued an order on March 7, 2025 denying without prejudice Defendants' motion to quash and for a protective order regarding a subpoena for certain documents. Defendants supplemented their motion on March 19, 2025. Plaintiff filed a response on April 2, 2025 and Defendants filed a reply on April 16, 2025. For the reasons stated below, Defendants' motion is GRANTED.

      Pursuant to V.R.C.P. 26(b)(1), a party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The subpoena at issue requests production of the following documents by Attorneys David Harlow and Timothy Copeland:

> [A]ll information, papers, emails, notes, documents, recordings and evidence in native format about and relating to the facts pertaining to: (1) Attorney Harlow's email dated 6/18/20 sent to [Plaintiff's] counsel regarding the Gates and the facts contained in this email, and (2) Jessica Fredette's meeting and the questions she asked at this meeting with Plaintiff on 5/6/19.

Ex. 4 to Pl.'s Opp'n to Def.'s Mot for Protective Order & to Quash Subpoenas (filed Feb. 17, 2025). Defendants assert these documents are protected by either the attorney client privilege or by attorney work product. As part of their supplemental filing, the Defendants provided a privilege log pursuant to V.R.C.P. 45(d)(2)(A). Ex. A. This privilege log identifies 73 emails the Defendants have withheld. The privilege log identifies the sender and receiver(s) of the emails, the subject and/or title of the emails, and the privilege being asserted.

      "A party asserting [a] privilege has the burden of proving (1) the existence of a protected privilege under law, and (2) the information sought was privileged information." *State v. Springer,* 139 Vt. 471, 474 (1981). Defendants have met there burden here. The attorney-client privilege is defined in Rule 502 of the Vermont Rules of Evidence, which states:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer, or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

V.R.E. 502(b). The term "client" includes corporations such as Defendant. V.R.E. 502(a)(1). Attorney Copeland's and Attorney Harlow's relationship with Defendant is solely as their attorneys. The emails identified in the privilege log show communications between defense counsel and their clients or their expert. Plaintiff contests the privilege log is insufficient to demonstrate a privilege exists for these documents. The court disagrees.

"The standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege that is claimed." *Brown v. Barnes & Noble, Inc.,* 474 F. Supp. 3d 637, 648 (S.D.N.Y. 2019) (citations and quotations omitted). Defendants have met this standard. Each email identifies the sender and receiver, as well as the title of the email. "The key factor in determining applicability of this doctrine is whether the documents or things were prepared 'with an eye toward' or 'in anticipation of' or 'because of the prospect of litigation.'" *Id.* (quoting *Pearlstein v. BlackBerry Ltd.,* 2019 WL 1259382, at *5 (S.D.N.Y. Mar. 19, 2019)). It is clear from the privilege log that these emails were in the context of an ongoing litigation and concerns about Plaintiff's recordings. That falls squarely within the context of ongoing and prospective litigation. These emails would not have existed but for the ongoing and prospective litigation. *Id.* at 649 ("a court must determine if the material would have been prepared in essentially similar form irrespective of litigation" (quotations and citations omitted)).

The documents not covered by the attorney client privilege are protected by attorney work product. Attorney work product is protected under V.R.C.P. 26(b)(4), which prohibits discovery of documents and tangible things "prepared in anticipation of litigation or for trial" unless "the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Documents containing the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" are protected from disclosure. *Id.* This includes "witness statements prepared at the request of the attorney and an almost absolute privilege for notes taken during a witness interview." *Energy Policy Advocates v. Attorney General's Office,* 2023 VT 43, ¶ 9 (citations and quotations omitted). The documents Plaintiff seeks are documents prepared by defense counsel in preparation of a witness interview in the context of pending a prospective litigation. This falls squarely within the work product rule.

The attorney client privilege and the attorney work product were not waived. "Like the attorney-client privilege, the work-product protection can be waived where the party claiming the privilege had previously disclosed the document in a way which substantially increases the possibility of its adversary obtaining it." *Id.* The documents identified in the privilege log have not been previously disclosed. The court disagrees that referencing a protected document is the same as disclosure. Based upon the information before the court, there has been no waiver of either privilege by the Defendants.

Defendants seeks a protective order pursuant to V.R.C.P. 26(c), which allows the court, for good cause shown, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants have demonstrated good cause to issue a protective order prohibiting Plaintiff from discovering protected and privileged documents.

## **Order**

1. The subpoena issued for privileged documents is quashed.
2. Plaintiff is precluded from discovering the documents identified in the privilege log.

Electronically signed on April 18, 2025 pursuant to V.R.E.F. 9(d)

_____
Alexander N. Burke
Superior Court Judge